UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ANIBAL GUTAMA,

                          Plaintiff,

         -against-

WHITESTONE AIR INC., KONSTANTINA BISCARDI
a/k/a KONSTANTINA TEGERIDES, and
MICHAEL TEGERIDES,

                          Defendants.
-------------------------------------------------------------------------X

Civil Action No.:
23-CV-2802-ENV-PK

**DECLARATION
IN SUPPORT**

      I, Anibal Gutama, declare under penalty of perjury, and pursuant to 28 U.S.C. §1746, that the following is true and accurate:

      1.    I am the Plaintiff in the above-captioned action. As such, I have personal knowledge of the facts set forth herein.

      2.    I respectfully submit this Declaration in support of my request for a default judgment against Defendants Whitestone Air Inc. ("Whitestone"), Konstantina Biscardi a/k/a Konstantina Tegerides ("Biscardi"), and Michael Tegerides ("Tegerides") (collectively the "Default Defendants"). I seek unpaid wages and damages, along with fees and costs incurred by my attorney.

      3.    I filed a lawsuit because the Defaulting Defendants failed to pay me proper overtime wages during my employment with them.

      4.    Upon information and belief, Whitestone has its principal place of business located at 149-44 15th Drive, Whitestone, New York 11357.

      5.    I was employed by Defaulting Defendants, where I worked from approximately May 2018 through November 2022.

6. Whitestone is in the business of, among other things, installing and repairing HVAC systems.

7. I worked as a mechanic for the Defaulting Defendants.

8. Throughout my employment with Defaulting Defendants, I worked five days per week.

9. In exchange for my services, I received an hourly wage for all hours worked up to forty per week.

10. Although I was not provided with wage statements, I believe that my hourly rate was $22.50 per hour.

11. I was paid for working the hours of 8:00 a.m. until 4:30 p.m. on my scheduled workdays.

12. Defaulting Defendants deducted an automatic thirty minutes off my time each day for a meal break.

13. Due to the nature of my work, I was rarely ever allowed to take a thirty-minute uninterrupted meal break while employed by Defaulting Defendants.

14. Defaulting Defendants would have work orders that contained the hours that I was on a particular job.

15. In addition to my scheduled hours, I also worked extensive hours beyond 4:30 p.m. during my employment with Defaulting Defendants.

16. There were also times that I began my work before 8:00 a.m. during my employment with Defaulting Defendants.

17. I estimate that I worked approximately two hours of uncompensated overtime per day, or ten overtime hours per week, during my employment with Defaulting Defendants.

18. At no time prior to my hire or thereafter did I ever receive a notification from the Defaulting Defendants as to how I would be paid, what my regular rate of pay was, or other information that I am advised is required by law to be provided to me.

19. At no time during my employment did I received statements from the Defaulting Defendants as to my weekly earnings, such as how many hours I worked and the rate of pay for which I was being compensated.

20. I also make this Declaration in support of my motion for attorneys' fees and costs incurred by my counsel, Law Offices of Yale Pollack, P.C., who I retained on March 31, 2023.

21. I declare under penalty of perjury that the foregoing is true and accurate and that I am not under any undue duress at the time I am signing this Declaration.

Dated:   November 17, 2023

_____
ANIBAL GUTAMA