UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X
ANIBAL GUTAMA,                                              Civil Action No.:
                                                            23-CV-2802-ENV-PK
                                   Plaintiff,

          -against-                                  **DECLARATION**
                                                                **IN SUPPORT**

WHITESTONE AIR INC., KONSTANTINA BISCARDI
a/k/a KONSTANTINA TEGERIDES, and
MICHAEL TEGERIDES,

                                   Defendants.
----------------------------------------------------------------------------X

      I, Yale Pollack, declare under penalty of perjury, and pursuant to 28 U.S.C. §1746, that the following is true and accurate:

      1.      I am the principal of the Law Offices of Yale Pollack, P.C., attorneys for Plaintiff Santiago Catalan ("Plaintiff"). As such, I have personal knowledge of the facts set forth herein.

      2.      I respectfully submit this Declaration, together with the memorandum of law, damages' calculation, and other relief that Plaintiff seeks, in support of Plaintiff's request for a default judgment against Defendants Whitestone Air Inc. ("Whitestone"), Konstantina Biscardi a/k/a Konstantina Tegerides ("Biscardi"), and Michael Tegerides ("Tegerides"), jointly and severally (collectively the "Defaulting Defendants") pursuant to Federal Rule of Civil Procedure ("FRCP") 55(b)(2).

## DEFENDANTS' DEFAULT

      3.      On April 14, 2023, Plaintiff commenced this action by the filing of a Summons and Complaint against the Defaulting Defendants seeking, *inter alia*, monetary damages in the form of lost wages, liquidated damages, prejudgment interest, attorneys' fees and costs for violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). *ECF No. 1*.

4. The Defaulting Defendants were served with a summons and complaint and defaulted as set forth below.

5. Whitestone was served on April 26, 2023.  *ECF No. 8.*

6. Biscardi was served on April 22, 2023.  *See ECF No. 6.*

7. Tegerides was served on April 22, 2023.  *See ECF No. 7.*

8. On June 12, 2023, the Clerk entered a Certificate of Default against the Defaulting Defendants. *ECF No. 10.*

9. To date, the Defaulting Defendants have failed to plead or otherwise respond to the Complaint.

10. Therefore, Plaintiff respectfully requests that the Court enter a default judgment against the Defaulting Defendants, jointly and severally, pursuant to FRCP 55(b)(2), and award Plaintiff his unpaid wages, liquidated damages, attorneys' fees and costs as set forth in the papers submitted in support of this request, along with such other and further relief as the Court deems just and proper.

## DAMAGE CALCULATIONS

11. Plaintiff respectfully seeks an award of monetary damages to which he is entitled under the FLSA and NYLL.  *Submitted herewith as Exhibit A is a true and accurate copy of a chart reflecting Plaintiff's damage calculations.*  This indicates the weekly pay amount provided to Plaintiff as set forth in the Complaint and his accompanying Declaration for the hours worked each week during his employment.  The analysis sets forth what Plaintiff should have been paid at proper overtime rate for hours worked, and then subtracted what Plaintiff was actually paid to demonstrate the shortfall on a weekly basis, which was then multiplied by the number of weeks in the period reflected on the chart.

12. The facts used to calculate these damages are based on the complaint and the facts as attested by Plaintiff in his declaration in support of the motion for default judgment.

13. As the chart summarizes, Plaintiff is also entitled to the following amounts for attorneys' fees and expenses:

| Person | Position | Hourly Rate | Hours Worked | Total |
|---|---|---|---|---|
| Yale Pollack | Attorney | $450 | 7.6 | $3,420.00 |
| Expenses | | | | $612.00 |

14. In total, Plaintiff and his attorneys are entitled to $4,032.00 in attorneys' fees and expenses.

15. In weighing the reasonableness of this request, I ask the Court note that (assuming the Court finds for Plaintiff) this office will most likely spend additional fees attempting to collect on a judgment. The additional efforts that my office will make attempting to collect on this judgment may not be successful.

## ATTORNEYS' FEES AND COSTS

16. Plaintiff seeks an award for his attorneys' fees and costs incurred in bringing this lawsuit as provided under the FLSA and NYLL 29 U.S.C. § 216(b), N.Y. Lab. Law §216(b), N.Y. Lab. Law § 663(1).

17. I graduated Touro Law School in 2006 and have had my own practice since 2015. Since I opened my practice in 2015, I have primarily practiced employment law on the plaintiff side.

18. I am requesting a billing rate of $450 per hour.

19. In 2023, this respective hourly rate is less than is charged to the firm's management side clients (if the Court requests we can provide redacted retainer agreements). An hourly rate of

20. Since creating my own firm nearly eight years ago, I have litigated and settled numerous wage and hour action cases brought under the FLSA and the NYLL. *See, e.g., Melendez v. Eden Palace, Inc.,* 2022 U.S. Dist. LEXIS 159604 (E.D.N.Y Sept. 2, 2022); *Correa v. Garzon & Bernal Design, Inc.,* 2022 U.S. Dist. LEXIS 155040 (E.D.N.Y Aug. 29, 2022); *Garcia v. Progressive Maint. LLC*, 2021 U.S. Dist. LEXIS 90918 (E.D.N.Y. May 11, 2021).

21. My firm incurred expenses in the amount of $612. These expenses included the filing fee ($402) service on Defendants ($210).

## PROPOSED DEFAULT JUDGMENT

22. A copy of Plaintiff's proposed default judgment is annexed as Exhibit B.

## COPIES OF ALL OF THE PLEADINGS

23. Copies of all the pleadings are annexed as Exhibit C.

## COPIES OF THE AFFIDAVIT OF SERVICE OF THE SUMMONS AND COMPLAINT

24. Copies of the affidavit of service of the summons and complaint are annexed collectively as Exhibit D.

## CERTIFICATES OF DEFAULT FROM THE CLERK OF COURT

25. A copy of Certificate of Default is annexed as Exhibit E.

## AN INQUEST WOULD BE UNNECESSARY

26. For the reasons set forth we respectfully believe that an inquest would not be necessary.

27. Plaintiff's declaration details the hours he worked and the wages he was paid (as opposed to the amounts that were legally owed).

28. The declaration by Plaintiff provides a sufficient basis to calculate damages. *See Perez v. Comhar Grp. LLC*, 2020 U.S. Dist. LEXIS 41771, at *5 (E.D.N.Y. Mar. 6, 2020)

("[d]etailed affidavits and other documentary evidence can suffice in lieu of an evidentiary hearing") *citing Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991); *see also Ferrara v. Corona & Son Trucking*, 2010 U.S. Dist. LEXIS 137479, at *5 (E.D.N.Y. Oct. 26, 2010) ("[t]he court may rely on affidavits or documentary evidence in evaluating the fairness of the damages requested"); *see also Yascaribay v. Jon 2, LLC*, 2018 U.S. Dis. LEXIS 92544, at *5-6 (S.D.N.Y. June 1, 2018) ("To determine the amount of damages, the Court may conduct a hearing, but doing so is not necessary 'as long as [the Court] ensure[s] that there was a basis for the damages specified in the default judgment'") (*citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997)).

29. Where, as here, the employer is in default, Plaintiff is permitted to rely on his recollections to establish damages. *See Da Silva v. Bennet St. Dev. Corp.*, 2010 U.S. Dist. LEXIS 112832, at *14-15 (E.D.N.Y. Sep. 24, 2010) ([...by defaulting, defendants have deprived the Plaintiffs of the necessary employee records required by FLSA, thus hampering Plaintiffs' abilities to prove their damages"); *see also Perez*, 2020 U.S. Dist. LEXIS 41771, at *5 ("[w]here a defendant defaults in action brought under the FLSA, the [employee's] recollection and estimates of hours worked are presumptively correct").

30. Likewise, my declaration provides sufficient information with respect to the hours my firm worked as well as the basis for our requested billing rates.

31. I declare under penalty of perjury that the foregoing is true and accurate.

Dated:   November ___, 2023
         Syosset, New York

                                         */s/ Yale Pollack*
                                         **YALE POLLACK**

5