# EXHIBIT "C"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ANIBAL GUTAMA,                                          Civil Action No.:

                              Plaintiff,

                -against-                               **COMPLAINT**

WHITESTONE AIR INC., KONSTANTINA BISCARDI
a/k/a KONSTANTINA TEGERIDES, and                       **JURY TRIAL REQUESTED**
MICHAEL TEGRERIDES,

                              Defendants.
-------------------------------------------------------------------------X

Plaintiff, Anibal Gutama ("Plaintiff"), by his attorneys, Law Offices of Yale Pollack, P.C.,

as and for his Complaint against Defendants, Whitestone Air Inc., Konstantina Biscardi a/k/a

Konstantina Tegerides and Michael Tegerides (collectively "Defendants"), alleges as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action to remedy violations of the Fair Labor Standards Act, as

amended, 29 U.S.C. §§201 *et seq.* (the "FLSA"). Plaintiff seeks unpaid wages, liquidated

damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief,

pursuant to 29 U.S.C. §§216(b) and 217, and other applicable federal law.

2.      Plaintiff also brings this action to remedy violations of New York State Labor Law,

including New York Labor Law §§190 *et seq.*, §§650 et seq. (the "NYLL"), and 12 N.Y.C.R.R.

§142-2.2. Plaintiff seeks unpaid wages, statutory damages, pre- and post- judgment interest,

reasonable attorneys' fees and costs, liquidated damages and other damages, and all other

appropriate legal and equitable relief, pursuant to NYLL §§198, 663.

## JURISDICTION AND VENUE

3.      Jurisdiction of this Court over Plaintiff's FLSA claims is invoked pursuant to 29

U.S.C. §216(b) and 28 U.S.C. §1331.

4.     Jurisdiction of this Court over Plaintiff's NYLL claims is invoked pursuant to 28 U.S.C. §1367(a) as the NYLL claims are so related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5.     Venue is appropriate in this Court under 28 U.S.C. §1391(b) as the acts or events giving rise to the claims occurred within this District and the residence of Defendants are within this District.

## **PARTIES**

6.     Plaintiff is an individual who resides in the County of Kings, State of New York.

7.     Upon information and belief, Defendant Whitestone Air Inc. ("Whitestone") is a domestic corporation with its principal place of business located at 149-44 15th Drive, Whitestone, New York 11357.

8.     Upon information and belief, Defendant Konstantina Biscardi a/k/a Konstantina Tegerides ("Konstantina") is an owner, officer and/or authorized agent of Whitestone.

9.     Upon information and belief, Defendant Michael Tegerides ("Michael") is an owner, officer and/or authorized agent of Whitestone.

10.     At all relevant times mentioned herein, Konstantina and Michael (the "Individual Defendants") had the power to hire, fire, and control the wages and working conditions of Plaintiff.

11.     The Individual Defendants had authority to, and did in fact, exercise operational control over Whitestone.

12.     The Individual Defendants set the manner by which Plaintiff was to be paid while employed by Whitestone.

13.     At all times relevant, Defendants were covered by the FLSA and the NYLL.

2

14.     Defendants maintained a common policy and practice of, *inter alia*, not paying employees for all hours worked during their employment or otherwise notifying them of their rights under the law.

15.     At all relevant times, Defendants affected commerce within the meaning of 29 U.S.C. §203(b) by producing goods for interstate commerce, or handling, selling, or working on goods or materials that have been moved in or produced for interstate commerce.

16.     Upon information and belief, the gross annual volume of sales made or business done by Defendants was not less than $500,000.

17.     At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and the NYLL.

**FACTUAL ALLEGATIONS**

18.     Plaintiff was employed by Defendants, where he worked as a server at their various restaurants from approximately May 2018 through November 2022.

19.     Whitestone is in the business of, among other things, installing and repairing HVAC systems.

20.     Plaintiff worked as a mechanic for Defendants.

21.     Throughout his employment with Defendants, Plaintiff worked five days per week.

22.     In exchange for his services, Plaintiff received an hourly wage for all hours worked up to forty per week.

23.     Plaintiff was paid for working the hours of 8:00 a.m. until 4:30 p.m. on his scheduled workdays.

24.     Defendants deducted an automatic thirty minutes off Plaintiff's time each day for a meal break.

3

25.     Due to the nature of Plaintiff's work, he was rarely ever allowed to take a thirty-minute uninterrupted meal break while employed by Defendants.

26.     Defendants would have work orders that contained the hours that Plaintiff was on a particular job.

27.     In addition to his scheduled hours, Plaintiff also worked extensive hours beyond 4:30 p.m. during his employment with Defendants.

28.     There were also times that Plaintiff began his work before 8:00 a.m. during his employment with Defendants.

29.     For example, for a job performed on May 13, 2022, the work order listed Plaintiff as being there from 7:30 until 9:45.

30.     As Plaintiff only received pay starting from 8:00 a.m., he was deprived of his earned wages, including overtime wages, for one hour on May 13, 2022, with thirty minutes being deducted from his start time and thirty minutes being deducted for a meal break.

31.     As another example, for a job performed on December 13, 2021, the work order listed Plaintiff as being there from 8:00 until 7:15.

32.     As Plaintiff only received pay up until 4:30 p.m., he was deprived of his earned wages, including overtime wages, for three hours and fifteen minutes hour on December 13, 2021, with two hours forty-five minutes being deducted from his end time and thirty minutes being deducted for a meal break.

33.     A more precise statement of the hours Plaintiff worked, and wages Plaintiff received, may be made when Plaintiff obtains the records in the course of discovery Defendants are required to keep under the law.

## COUNT ONE
### (Failure to Pay Minimum Wages – FLSA)

34.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

35.     Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

36.     Defendants were required to pay directly to Plaintiffs at least the applicable minimum wage rates for all hours worked.

37.     Defendants failed to pay Plaintiff the minimum wages for all hours worked up to forty, to which he is entitled under the FLSA.

38.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.

39.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

40.     Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

41.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

42.     As a result of Defendants' willful violations of the FLSA, Plaintiff has suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## COUNT TWO
### (Failure to Pay Overtime Wages – FLSA)

43.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

44.     The FLSA requires that employers pay all employees at least one and one-half times the employee's wage for all hours worked in excess of forty during any workweek, unless they are exempt from coverage.

45.     During his employment, Plaintiff regularly worked overtime, without receiving any premium pay for hours worked in excess of forty per workweek.

46.     At all relevant times, Defendants willfully, regularly, repeatedly, and knowingly failed to pay Plaintiff the required overtime wages to which he is entitled.

47.     As a result of Defendants' willful violations of the FLSA, Plaintiff has suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## COUNT THREE
### (Failure to Pay Gap Time / Minimum Wages – NYLL)

48.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

49.     Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

50.     At all times relevant, Plaintiff has been employed by Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

51.     Defendants have failed to pay Plaintiff the gap time and/or minimum hourly wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

52.     Through their knowing or intentional failure to pay gap time and/or minimum hourly wages to Plaintiff, Defendants willfully violated the NYLL, Article 19, §§650 *et seq.*, and the supporting New York State Department of Labor Regulations.

53.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants their unpaid minimum/gap time wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT FOUR
### (Failure to Pay Overtime Wages – NYLL)

54.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

55.     The NYLL requires that employers pay all employees at least one and one-half times the employee's wage for all hours worked in excess of forty during any workweek, unless they are exempt from coverage.

56.     Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

57.     At all times relevant, Plaintiff has been an employee of Defendants, and Defendants have been employers of Plaintiff, within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

58.     Defendants have failed to pay Plaintiff the overtime wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

59.     Pursuant to the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York

7

State Department of Labor Regulations, Defendants have been required to pay Plaintiff the unpaid overtime wages to the present, under the NYLL §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations.

60.     Through their knowing or intentional failure to pay overtime wages to Plaintiff, Defendants willfully violated the NYLL, Article 19, §§650 *et seq.*, and the supporting New York State Department of Labor Regulations.

61.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT FIVE
### (Failure to Pay Spread of Hours – NYLL)

62.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

63.     During his employment, Plaintiff frequently worked a spread of more than ten hours in a workday.

64.     Defendants willfully failed to compensate Plaintiff with an extra hour's pay at the basic New York minimum hourly wage rate on days in which the length of his workday was more than ten hours, as required by New York law.

65.     Through their knowing or intentional failure to pay Plaintiff spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

66.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid spread-of-hour wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

## COUNT SEVEN
### (Wage Notice Violations – NYLL)

67.     Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

68.     Defendants failed to furnish Plaintiff with wage notices as required by NYLL §195(1), in English or in the language identified by each employee as their primary language, at the time of hiring and with any change in pay, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary

69.     Due to Defendants' violations of NYLL §195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiffs and the Class Members with proper wage notices, or a total of five thousand dollars, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL §198(1-b).

70.     Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

## COUNT EIGHT
### (Wage Statement Violations – NYLL)

71.     Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

72.     Defendants failed to furnish Plaintiff with a statement with every payment of wages as required by NYLL §195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

73.     Due to Defendants' violations of NYLL §195(3), Plaintiffs IS entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiffs with proper wage statements, or a total of five thousand dollars, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL §198(1-d).

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action and claims with respect to which he has a right to a jury trial.

## BCL §630 NOTICE AND DEMAND

Pursuant to New York Business Corporation Law ("BCL") §630, Plaintiff hereby advises that it intends to hold the Whitestone's top ten shareholders and/or members liable for the unpaid wages referenced herein.  Further, Plaintiff demands that Whitestone permit an examination of its record of shareholders under BCL §624 so that liability may be imposed on its top ten shareholders for the unpaid wages referenced herein.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief as follows:

A.      Awarding  Plaintiff damages for the amount of unpaid wages under the FLSA

and/or the NYLL, including unpaid minimum wages, overtime wages spread of hours, and gratuities;

        B.     Awarding Plaintiff liquidated damages in an amount equal to wages owed pursuant to 29 U.S.C. §216(b) and liquidated damages and other statutory remedies pursuant to the NYLL;

        C.     Awarding pre- and post-judgment interest as permitted under the law;

        D.     Awarding the costs of this action together with reasonable attorneys' fees; and

        E.     Granting such other and further relief as this Court deems necessary and proper.

Dated: April 14, 2023
       Syosset, New York

                         Respectfully submitted,
                         **LAW OFFICES OF YALE POLLACK, P.C.**

                         By: */s/ Yale Pollack*
                              Yale Pollack, Esq.
                         66 Split Rock Road
                         Syosset, New York 11791
                         (516) 634-6340
                         ypollack@yalepollacklaw.com
                         *Attorneys for Plaintiff*