UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X
ANIBAL GUTAMA,                                               Civil Action No.:
                                                             23-CV-2802-ENV-PK
                       Plaintiff,

     -against-

WHITESTONE AIR INC., KONSTANTINA BISCARDI
a/k/a KONSTANTINA TEGERIDES, and
MICHAEL TEGERIDES,

                       Defendants.
----------------------------------------------------------------------------X

---

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR A DEFAULT JUDGMENT

---

Of Counsel:
Yale Pollack, Esq.

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT………………………………………………………….2

FACTS…………………………………………………………………………………….3

PRELIMINARY STATEMENT………………………………………………………….4

PLAINTIFF'S DAMAGES CALCULATIONS ………………………………………….6

CONCLUSION…………………………………………………………………………..13

Plaintiff Anibal Gutama ("Plaintiff") respectfully submits this memorandum of law in support of an entry of a default judgment, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure ("FRCP"). Plaintiff seeks to recover under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New York Labor Law § 663, *et seq.* ("NYLL").

For the reasons stated herein, Plaintiff's motion should be granted, and a default judgment be entered against Defendants Whitestone Air Inc., Konstantina Biscardi a/k/a Konstantina Tegerides, and Michael Tegerides (collectively "Defaulting Defendants") in the amount of $_____, inclusive of attorney' fees and expenses.

## PRELIMINARY STATEMENT

Plaintiff is entitled to a judgment by default under Rule 55(b) because Defaulting Defendants failed to defend this action. On June 12, 2023, the Clerk entered a Certificate of Default against Defaulting Defendants' default. *ECF No. 10*.

Plaintiff worked for Defaulting Defendants as a mechanic from May 2018 through November 2022. *See Plaintiff's Complaint ("Compl.") at ¶18*. Plaintiff worked in excess of forty hours each week in the course of his employment with Defaulting Defendants. *See Compl. at ¶¶21-28*; *see also Anibal Gutama's Declaration (the "Gutama Decl.") at ¶¶5-17*. Overall, Plaintiff worked on average forty-four (44) hours per week throughout his employment with Defaulting Defendants. *Id.*

Even though Plaintiff worked more than forty (40) hours each week in the course of his employment, he was not paid overtime in compliance with the FLSA and NYLL. Accordingly, Plaintiff is suing for overtime damages and liquidated damages on his unpaid wage damages under the FLSA and NYLL.

In violation of the NYLL, Plaintiff also was not given proper notice of pay and payday, nor was he provided with accurate statements of his hours worked for any pay period. *See Compl. at ¶¶67-73; see also Gutama Decl. at ¶¶18-19.* This failure constitutes a violation of the New York Wage Theft Prevention Act ("WTPA").

The factual allegations in the Complaint and Plaintiff's declaration fully support each of the alleged causes of action. Where, as here, a party is in default, the Court should accept the plaintiff's allegations of fact as true. *See Guallpa v. NY Pro Signs Inc.,* No. 11-cv-3133, 2014 U.S. Dist. LEXIS 77033 at *2 (S.D.N.Y. May 24, 2014) *citing Cotton v. Slone*, 4 F.3d 176, 181 (2d Cir. 1993) ("[f]actual allegations are taken as true in light of the general default judgment[.]"). Furthermore, Plaintiff has sufficiently established the basis for his request for damages through his submissions.

## FACTS

**A.  Relevant Legal History**

On April 14, 2023, Plaintiff filed a lawsuit against Defaulting Defendants. *See ECF 1.* Shortly thereafter, Plaintiff served Defaulting Defendants. *See ECF Nos. 6-8.* Defaulting Defendants did not respond to being served with the lawsuit. As a result, a Clerk's Certificate of default was entered on November 15, 2022. *See ECF No. 10.*

**B.  Defaulting Defendants**

Defaulting Defendants were at all times relevant to this action employers as that term is defined by the FLSA, 29 U.S.C. § 203(d), and NYLL. Whitestone is a domestic business corporation having its principal place of business located at 149-44 15th Drive, Whitestone, New York 11357. *See Compl., ¶7.* At all times relevant to this action, Whitestone was an "enterprise engaged in interstate commerce" within the meaning of the FLSA. *See Compl., ¶13.* On information and

belief, Whitestone has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00. *See Compl., ¶¶15-16*.

Biscardi and Tegirides (the "Individual Defendants") are the owners of Whitestone. The Individual Defendants determined Plaintiff's wages and hours, and schedule. *See Compl., ¶¶8-12*. On information and belief, Defaulting Defendants did not maintain accurate employment records, and they never provided Plaintiff with any accurate documentation as to his hours worked or rates of pay.

## LEGAL ARGUMENT

### A.  A Default Judgment is Appropriate

On June 8, 2023, Plaintiff requested a certificate of default against the Defaulting Defendants, which was issued on June 12, 2023. *See ECF Nos. 9 and 10, respectively*.

### B.  The Allegations in the Complaint Should be Accepted

For purposes of a default motion, the well-pleaded actual allegations set forth in the complaint are accepted as true. *See Wicaksono v. ZYZ* 48 Corp., 10-cv-3635 (LAK) (JCF), 2011 U.S. Dist. LEXIS 55771, at *4 (S.D.N.Y. May 2, 2011) ("[w]hen a defendant has defaulted, a plaintiff's well-pleaded allegations concerning issues other than damages must be accepted as true") (*internal quotations and citations omitted*); *see also Gesualdi v. MBM Indus.*, 10-cv-2607 (BMC), 2010 U.S. Dist. LEXIS 96319, at *2 (E.D.N.Y. Sept. 13, 2010) ("[i]n light of defendants' default in this case, all of the well-pleaded allegations in plaintiff's complaint pertaining to liability are deemed true").

The factual allegations deemed admitted should also include Plaintiff's allegations that the Defaulting Defendants' failure to compensate him in accordance with state and federal overtime law was willful. *See Da Silva v. Bennet St. Dev. Corp.*, 05-cv-2989 (ARR) (MDG), 2010 U.S. Dist. LEXIS 112832, at *35-26 (E.D.N.Y. Sept. 24, 2010) ("[m]any courts have found that a defendant's default in itself, may suffice to support a finding of willfulness") (*string cite omitted*).

**C.   Defendants' Liability**

Based on the well-pleaded allegations in Plaintiff's Complaint and his declaration, Plaintiff has established that Defaulting Defendants did not pay him overtime in compliance with the FLSA and NYLL. Thus, Plaintiff is entitled to overtime compensation for all work performed that exceeded forty working hours per week. Plaintiff has also established that he was not provided wage notices or wage statements in violation of the WTPA.

**D.   Damages Analysis**

The declaration by Plaintiff provides a sufficient basis to calculate damages. *See Yin v. Kim*, 07-cv-1236 (DLI) (JO), 2008 U.S. Dist. LEXIS 118533, at *7 (E.D.N.Y. Mar. 7, 2009) ("[d]etailed affidavits and other documentary evidence can suffice in lieu of an evidentiary hearing"); *see also Ferrara v. Corona & Son Trucking*, No. 09-cv-5352 (SLT)(ALC), 2010 U.S. Dist. LEXIS 137479 at *5 (E.D.N.Y. Oct. 26, 2010) "([t]he court may rely on affidavits or documentary evidence in evaluating the fairness of the damages requested"); *see also Yascaribay v. Jon 2, LLC,* 2018 U.S. Dis. LEXIS 92544 at *5-6 (S.D.N.Y. June 1, 2018) ("To determine the amount of damages, the Court may conduct a hearing, but doing so is not necessary 'as long as [the Court] ensure[s] that there was a basis for the damages specified in the default judgment'")

Where, as here, the employer is in default, Plaintiff is permitted to rely on his recollections to establish damages. *See Da Silva*, 2010 U.S. Dist. LEXIS 112832 at *14-15 ("...by defaulting,

5

defendants have deprived the plaintiffs of the necessary employee records required by FLSA, thus hampering plaintiffs' abilities to prove their damages"); *see also Pavia v. Around the Clock Grocery, Inc.*, 2005 U.S. Dist. LEXIS 42339 at *5 (E.D.N.Y. Nov. 15, 2005) ("[w]here the employer has defaulted, [as here, the employee's] recollection and estimates of hours worked are presumed to be correct").

## PLAINTIFF'S DAMAGES CALCULATIONS

A. **A Three-Year Statute of Limitations Applied Under the FLSA**

The statute of limitations under the FLSA may be extended to three years if the cause of action arises out of a willful violation of the Act. *See* 29 U.S.C. 255(a). The Supreme Court has held that a willful violation is one where "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *see also Ayres v. 127 Rest. Corp.*, 12 F. Supp.2d 305, 309 (S.D.N.Y 1998) (finding that willful failure to pay wages exists "where the employer knowingly, deliberately, [or] voluntarily disregards its obligation to pay wages").

Here, Plaintiff has alleged that Defaulting Defendants' failure to pay in accordance with the FLSA and the NYLL was willful. As previously noted, it is well settled that Defaulting Defendants' default is deemed an admission of those allegations. *See Santillan v Henao*, 822 F. Supp.2d 284, 297 (E.D.N.Y. 2011) ("[m]any courts have found that a defendant's default, in itself, may suffice to support a finding of willfulness"); *see also Blue v. Finest Guard Services, Inc.*, No. 09-cv-133, 2010 U.S. Dist. LEXIS 73223, at *11 (E.D.N.Y. June 24, 2010); *Dong v. CCW Fashion Inc.*, No. 06–cv-4973, 2009 U.S. Dist. LEXIS 33194, at *4-5 (S.D.N.Y. Feb. 19, 2009). The circumstances of this case, under this well-established case law, support a finding of willfulness.

6

### B.     A Six Year Statute of Limitations Applied Under the NYLL

Defaulting Defendants did not inform Plaintiff of his wage and hour rights in the workplace—a requirement under New York law. *See* 12 NYCRR 142-2.8. The statute of limitations for Plaintiff's claims brought under the NYLL is six years from the date of the filing of this lawsuit. *See* NYLL 198(3), 663(3); *see also Vasquez v. Ranieri Cheese Corp.*, 2010 U.S. Dist. LEXIS 29431 (E.D.N.Y. March 25, 2010) at *54-55 ("New York law has a six-year-statute of limitations for violations of its overtime, minimum wage and spread of hour pay requirements. Accordingly, Defaulting Defendants are liable under New York law for any violations that accrued during the six years that preceded the filing of the action") *citing* N.Y. Lab. L. §§198(3), 663(3); *see also Keun-Jae Moon v. Joon Gab Kwon*, 248 F. Supp.2d 201, 232 (S.D.N.Y. Sept. 6, 2002).

### C.     Liquidated Damages

The FLSA provides for liquidated damages in addition to actual damages. The FLSA provides for liquidated damages of one hundred percent of the unpaid wages. 29 U.S.C. § 216(b). Plaintiff seeks liquidated damages under the FLSA extending back three years from the date Plaintiff's Complaint was filed.

An employer who violates the FLSA is liable for the unpaid wages and an additional equal amount as liquidated damages. *See* 29 U.S.C. § 216(b). An employer is liable for liquidated damages unless it can demonstrate that its actions were in good faith and that it had reasonable grounds for believing its actions or omissions did not violate the FLSA. *See Barfield v. New York City Health & Hosp. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008) ("[t]o establish the requisite subjective 'good faith' an employer must show that it took 'active steps to ascertain the dictates of the FLSA and then act to comply with them'"); *see also Ayres v. 127 Restaurant Corp.*, 12 F. Supp.2d 305, 309 (S.D.N.Y. 1998) ("[u]nder the FLSA, double damages are the norm unless a

defendant shows that it acted in good-faith and that its conduct was lawful by providing plain and substantial evidence of at least an honest intention to ascertain what the Act requires and to comply with it") (*internal quotations omitted*).

Here, as Defaulting Defendants have defaulted, they have not met their burden to demonstrate that their failure to pay Plaintiff in compliance with federal and state law was somehow in "good faith." *See Zaho v. East Harlem Laundromat, Inc.*, 2010 U.S. Dist. LEXIS 121335 at *24 (S.D.N.Y. Oct. 2010):

> [B]ecause the defendant has ceased defending this action and a default judgment has been ordered, the defendant has not carried the burden of showing that an award of liquidated damages is inappropriate. Therefore, liquidated damages are appropriate under both federal and state law.

Thus, the calculations for liquidated damages for Plaintiff reflect liquidated damages under the FLSA and the NYLL, based upon damages arising from overtime pay violations.

To establish a claim under the FLSA for minimum wage or overtime compensation, a plaintiff must show that he or she is an "employee" of the defendant within the meaning of the FLSA and that the defendant is an "enterprise engaged in commerce." *See* 29 U.S.C §§ 206(a), 207(a); *see also Zhi Fan Li v. Leung*, 2016 U.S. Dist. LEXIS 76817, at * 15-16 (E.D.N.Y. June 10, 2016) (*citing Chen v. Major League Baseball*, 6 F. Supp. 3d 449, 453-54 (S.D.N.Y. 2014)). Here, Plaintiff has shown that he is an employee within the FLSA's definition of that term. Under the FLSA, an "employee' is "any individual employed by an employer." 29 U.S.C. § 203(e)(1). Insofar as Plaintiff's Complaint alleges that Defendants employed Plaintiff within this statutory meaning, "[it] follows…that for purposes of this default, [Plaintiff] qualifies as an 'employee' under the FLSA." *Id.* (*citing Garcia v Badyna*, 2014 U.S. Dist. LEXIS 134089, at * 5 (E.D.N.Y. Sept. 23, 2014)); *see Velu v. Velocity Exp., Inc.*, 666 F. Supp. 2d 300, 307 (E.D.N.Y. 2009) (stating

8

that the "ultimate question is…. 'whether, as a matter of economic reality, the work [] depend[s] upon someone else's business for the opportunity to render service or [is] in business for [himself]") (*quoting Godov v. Rest. Opportunity Ctr. of N.Y. Inc.*, 615 F. Supp.2d 186, 192-193 (S.D.N.Y. 2009)).

Plaintiff has also shown that Whitestone is an "enterprise engaged in commerce."  The FLSA defines that term as an enterprise that "has employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and that has an "annual gross volume of sales made or business done…not less than $500,000." 29 U.S.C. § 203(s)(1)(A)(i)-(ii). Courts have held allegations of such facts are sufficient.  *Li*, at * 18; *see also Herta v.  Huerta v. Victoria Bakery*, 2012 U.S. Dist. LEXIS 46415, at * 2 (E.D.N.Y Mar. 30, 2012); *see also Locke v. St. Augustine's Episcopal, Church*, 690 F. Supp. 2d 77, 88 (E.D.N.Y. 2020) (stating that the standard is met "where the employer's business consumed products in the course of operation").

Similarly, here, it is reasonable to infer that the myriad of goods necessary to operate a construction business and over $500,000 in annual sales do not exclusively come from New York State.  As a construction company, it is reasonable to infer that Whitestone requires a wide variety of materials to operate.  It is also reasonable to infer that at least some of these materials moved or were produced in interstate commerce.  *See e.g., Archi v. Grand Centr. P'ship, Inc.*, 997 F. Supp. 504, 530 (S.D.N.Y. 1998) (Sotomayor, J.) (in the context of an FLSA action, considering whether the defendants' maintenance employees could be said to have "handle[d] goods or materials that ha[d] moved or been produced in interstate commerce," and finding that the maintenance workers had, because some of the defendants' bags, brooms, hovels, pails, [etc.] "undoubtedly moved in interstate commerce to New York City.").

9

### D.     Damages Analysis

Based on the above, the damages Plaintiff seeks and is entitled to: (a) the full overtime rate for each overtime hour worked; (b) liquidated damages under either federal or state law; and (c) attorneys' fees and expenses. *See Heng Chan v. Sung Yue Tung Corp.,* 2007 U.S. Dist. LEXIS 7770 at *70-84 (E.D.N.Y. Feb 1, 2007) (awarding each of the above-mentioned elements of damages). Plaintiff is also entitled to pre-judgment interest and post-judgment interest that accrues after a final judgment is entered. *See Coulibaly v. Millennium Super Car Wash, Inc.*, 2013 U.S. Dist. LEXIS 186210, at *47-48 (E.D.N.Y. July 9, 2013).

### E.     Plaintiff's Damages

Plaintiff seeks the following amounts in damages, broken down by category. For further clarification as to these calculations, see the spreadsheet annexed herein as Exhibit A to the Pollack Decl. The exact calculations of these damages should be altered accordingly based on the actual date of judgment.

**FLSA/NYLL Damages for Unpaid Wages**: Plaintiff's total compensatory damages for unpaid wages is $79,650. *See Pollack Decl., Ex. A.*

**FLSA Liquidated Damages:** Plaintiff is entitled to 100% of his total compensatory damages under the FLSA and NYLL as liquidated damages, in the amount of $79,650. *See Pollack Decl., Ex. A.*

**NYLL § 195 (1) and (3) Damages:** Plaintiff is entitled to recover the maximum statutory damages of $5,000 each under NYLL § 198(1-b) and (1-d) for violations of both NYLL § 195(1) and (3), as Plaintiff was never provided wage statements or wage notices. As a result, Plaintiff is entitled to $10,000 in notice damages. *See Pollack Decl., Ex. A.*

**Total Damages:** Plaintiff's total damages are $169,300, not including post-judgment interest, attorneys' fees or costs. *See Pollack Decl., Ex. A*.

**Plaintiff Is Entitled to Reasonable Attorneys' Fees and Costs**

In an action under the FLSA, the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *See* 29 U.S.C. §216(b). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate." *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 186 (2d Cir. 2008). Prior to *Arbor Hill*, this amount was known as the "lodestar" amount, which the Second Circuit has suggested be known going forward as the "presumptively reasonable fee." *Id*. at 183.

The inquiry should be focused on "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *See Grant v. Martinez*, 973 F. 2d 96, 99 (2d Cir. 1992) (*citation omitted*). However, in considering the records, the Court should not "engage in 'an *ex post facto* determination of whether attorney hours were necessary to the relief obtained.'" *See Cesario v. BNI Constr., Inc.* 2008 U.S. Dist. LEXIS 103155 at *20 (S.D.N.Y. Dec. 8, 2008) (*quoting Grant v. Martinez,* 973 F.2d 96, 99 (2nd Cir. 1992) ("[t]he 'most important factor to a determination of what constitutes reasonable attorney's fees is the degree of success obtained by plaintiff'").

All attorneys' hours spent on this case were reasonable under the circumstances and include every hour expended in its calculation of the presumptively reasonable fee.

11

With respect to determining a reasonable hourly rate, the Second Circuit has held that the term means "what a reasonable, paying client would be willing to pay." *See Cao v. Wu Liang Ye Lexington Rest. Inc*, 2010 U.S. Dist. LEXIS 109373 (S.D.N.Y. Sept. 30, 2010), at *23-24. The rate should be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *See Reiter v. MTA N.Y. City Transit Auth.,* 457 F.3d 224, 232 (2d Cir. 2006) (*citation omitted*). In considering the appropriate rate, the Court may also use its own knowledge of the relevant market. *See McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund,* 450 F.3d 91, 96-97 (2d Cir. 2006).

Here, Plaintiff's attorney works primarily on wage and hour cases and seeks a rate commensurate with his level of experience. Specifically, Mr. Pollack seeks a rate of $450 per hour. *See Soto v. Armstrong Realty Mgmt. Corp.,* 2016 U.S. Dist. LEXIS 176740 at *12 (S.D.N.Y. Dec. 21, 2016) (granting an hourly rate of $450 for a lead attorney); *see also Gonzalez v. Jane Roe Inc.*, 2015 U.S. Dist. LEXIS 103370 at *18-19 (E.D.N.Y. July 15, 2015) (granting an hourly rate of $300 per hour for senior partner and $225 for associate); *Hui Luo v. L & S Acupuncture, P.C.*,14-cv-1003, 2015 U.S. Dist. LEXIS 56236, at *2 (E.D.N.Y. Apr. 29, 2015) (explaining that "'[t]he prevailing hourly rate for partners in this district range[s] from $300.00 to $400.00,'" and "'a reasonable hourly rate for a senior associate ranges from $200 to $300'") (*quoting Tacuri v. Nithin Constr. Co.*, 2015 U.S. Dis. LEXIS 22074 at *13 (E.D.N.Y. Feb. 24, 2015)).

Plaintiff asks for an award of $4,032.00 in attorneys' fees and expenses, as summarized in the chart below.

| Person | Position | Hourly Rate | Hours Worked | Total |
| --- | --- | --- | --- | --- |
| Yale Pollack | Attorney | $450 | 7.6 | $3,420.00 |
| Expenses | | | | $612.00 |

12

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his motion for a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and award damages in the amounts set forth herein.

Dated: November 17, 2023
        Syosset, New York

**THE LAW OFFICES OF YALE POLLACK**

Respectfully submitted,

/s/ *Yale Pollack*
        Yale Pollack, Esq.
*Attorney for Plaintiff*
66 Split Rock Rd
Syosset, New York 11791
(516) 634-6340