UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ANIBAL GUTAMA,

                      Plaintiff,

     -against-

WHITESTONE AIR INC., KONSTANTINA
BISCARDI a/k/a KONSTANTINA TEGERIDES, and
MICHAEL TEGRERIDES,

                      Defendants.
-------------------------------------------------------------------X

**Case No.: 1:23-cv-2802 (ENV) (PK)**

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DEFENDANTS' ORDER TO SHOW CAUSE TO VACATE THE DEFAULT JUDGMENT

**SAGE LEGAL LLC**
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendants*
*Whitestone Air Inc.,*
*Konstantina Biscardi, and*
*Michael Tegerides*

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................... iii

**FACTUAL BACKGROUND** ...................................................................................................1

**LEGAL STANDARD** ...............................................................................................................3

**ARGUMENT**.............................................................................................................................4

        **A.**      **Defendants Are Entitled to Vacatur of the Default Judgment** ......................4

        **B.**      **Defendants Otherwise Meet the Criteria for Vacatur of Default** ...............10

               **i.**   **Defendants' Default was not Willful** .........................................................10

               **ii.**   **Defendants have a Meritorious Defense** .................................................11

               **iii.**   **Plaintiff Suffers no Prejudice in the Delay** ............................................12

**CONCLUSION**........................................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

Johnson v. Waters,
 291 A.D.2d 481 (2d Dep't 2002).................................................................................................8

Allstate Ins. Co. v. Rozenberg,
 771 F. Supp. 2d 254 (E.D.N.Y. 2011)...........................................................................................7

Am. Alliance Ins. Co. v. Eagle Ins. Co.,
 92 F.3d 57 (2d Cir. 1996)..............................................................................................................10

Argo Corp. v. Greater N.Y. Mut. Ins. Co.,
 1 A.D.3d 264 (1st Dept 2003).......................................................................................................9

Arista Records, Inc. v. Musemeci,
 No. 03CV4465 (DGT) (RML), 2007 WL 3124545 (E.D.N.Y. Sept. 18, 2007).................5

Barfield v. New York City Health & Hosps. Corp.,
 537 F.3d 132 (2d Cir. 2008).........................................................................................................12

Calderon v. 163 Ocean Tenants Corp.,
 27 A.D.3d 410 (2d Dept 2006).....................................................................................................9

Carter v. Dutchess Cmty. Coll.,
 735 F.2d 8 (2d Cir. 1984)..............................................................................................................12

China Mariners Assur. Corp. v. M.T. W.M. Vacy Ash,
 No. 96 CIV. 9553 (PKL), 1999 WL 126921 (S.D.N.Y. Mar. 9, 1999)..............................4

City of New York v. Mickalis Pawn Shop, LLC,
 645 F.3d 114 (2d Cir. 2011)......................................................................................................3,5

Crawford v. Nails on 7th by Jenny Inc.,
 2020 WL 564059 (S.D.N.Y. Feb. 5, 2020)................................................................................4

Estate of Waterman v. Jones,
 46 A.D.3d 63 (2d Dept. 2007)......................................................................................................7

Eugene Di Lorenzo, Inc. v. A.C. Dutton Lumber Co., Inc.,
 67 N.Y.2d 138 (1986)....................................................................................................................9

Global Gold Mining, LLC v. Ayvazian,
 983 F. Supp. 2d 378 (S.D.N.Y. 2013) ........................................................................................10

JPMorgan Chase Bank, N.A. v. Szajna,
 72 A.D.3d 902 (2d Dept. 2010)...................................................................................................9

Kaszovitz v. Weiszman,
    110 A.D.2d 117 (2d Dept. 1985)......................................................................................6

Khaldei v. Kaspiev,
    No. 10 CIV. 8328 (JFK), 2014 WL 2575774 (S.D.N.Y. June 9, 2014) .............................8

Krisilas v. Mount Sinai Hosp.,
    63 A.D.3d 887 (2d Dept. 2009).........................................................................................7

Licci *ex rel.* Licci v. Lebanese Canadian Bank, SAL,
    673 F.3d 50 (2d Cir. 2012)................................................................................................5

Lin v. Grand Sichuan 74 St. Inc.,
    2022 WL 195605 (S.D.N.Y., 2022) .................................................................................3

Matos v. Knibbs,
    186 A.D.2d 725 (2d Dept. 1992).....................................................................................10

McSorley v. Spear,
    50 A.D.3d 652 (2d Dept. 2008).........................................................................................7

MD Produce Corp. v. 231 Food Corp.,
    304 F.R.D. 107 (E.D.N.Y. 2014) ...................................................................................12

N.Y. and Presbyterian Hosp. v. Allstate Ins. Co.,
    815 N.Y.S.2d 478 (2d Dept. May 30, 2006).....................................................................9

New York v. Green,
    420 F.3d 99 (2d Cir. 2005)................................................................................................4

NextEra Energy Mktg., LLC v. E. Coast Power & Gas, LLC,
    No. 20-CV-7075 (JPO), 2021 WL 3173173 (S.D.N.Y. July 26, 2021) .............................3

Nyctl 1997-1 Trust v. Nillas,
    288 A.D.2d 279 (2d Dept. 2001).......................................................................................8

Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.,
    301 F.3d 54 (2d Cir. 2002)................................................................................................8

Penguin Grp. (USA) Inc. v. Am. Buddha,
    609 F.3d 30 (2d Cir. 2011)................................................................................................8

PMJ Cap. Corp. v. Bauco,
    333 F.R.D. 309 (S.D.N.Y. 2019).....................................................................................13

Prudence v. Wright,
   94 A.D.3d 1073 (2d Dept. 2012)..................................................................................7

Restoration Hardware, Inc. v. Lighting Design Wholesalers, Inc.,
   No. 17 CIV. 5553 (LGS), 2020 WL 7093592 (S.D.N.Y. Dec. 4, 2020) ...........................3

Rutherford Food Corp. v. McComb,
   331 U.S. 722 (1947) .....................................................................................................12

Serraro v. Staropoli,
   94 A.D.3d 1083 (2d Dept. 2012)..................................................................................6

Sibley v. Choice Hotels Int'l, Inc.,
   304 F.R.D. 125 (E.D.N.Y. 2015) .................................................................................13

State Higher Educ. Servs. Corp. v. Sparozic,
   35 A.D.3d 1069 (3d Dept. 2006)..................................................................................8

Trustees of Local 531 Pension Fund v. Am. Indus. Gases, Inc.,
   708 F. Supp. 2d 272 (E.D.N.Y. 2010) ..........................................................................4

United States v. Roman,
   No. 98-CV-4953 (JS) (ETB), 2008 WL 4415291 (E.D.N.Y. Sept. 22, 2008)....................5

Vedder Price P.C. v. US Cap. Partners, LLC,
   No. 16-CIV.-6787, 2017 WL 4180021 (S.D.N.Y. Sep. 20, 2017)..................................13

Weifang Xinli Plastic Products v. JBM Trading Inc.,
   No. 1:11-CV-2710 (WFK) (LB), 2014 WL 4244258 (E.D.N.Y. Aug. 26, 2014) ..............7

Weisel v. Pischel,
   197 F.R.D. 231 (E.D.N.Y. 2000) ..................................................................................11

**Rules**

Fed. R. Civ. P. 60.................................................................................................................3

**FACTUAL BACKGROUND**

On April 14, 2023, Plaintiff Anibal Gutama (hereinafter "Plaintiff") filed the complaint in this case against Defendants Whitestone Air Inc. (hereinafter "Whitestone" or the "Corporate Defendant"), Konstantina Biscardi a/k/a Konstantina Tegerides ("Biscardi"), and Michael Tegerides ("Tegerides") (Biscardi and Tegerides collectively hereinafter the "Individual Defendants") (the Corporate Defendant and the Individual Defendants collectively hereinafter the "Defendants").  See ECF Docket Entry 1.

On April 25, 2023, Plaintiff filed affidavits of service indicating that the complaint was served upon the Individual Defendants on April 22, 2023 by "nail and mail" service.  See ECF Docket Entries 6 and 7.  Both affidavits of service provide that attempts at service were made on three (3) consecutive days – April 20, 2023, April 21, 2023, and April 22, 2023 – at 9:15 AM, 7:37 AM, and 9:43 AM, respectively.  See Id.  Critically, the affidavits of service also provide that there was no answer at the door upon ringing the bell or knocking on all attempts.  Id.

On April 26, 2023, Plaintiff filed an affidavit of service indicating that the complaint was served upon Whitestone that day via Secretary of State pursuant to the New York Business Corporation Law ("BCL") § 306.  See ECF Docket Entry 8.

After requesting a certificate of default on June 8, 2023, which was entered by the Clerk on June 12, 2023, Plaintiff moved for a default judgment on November 17, 2023.  See ECF Docket Entries 9, 10, and 15.  The motion was referred by this Court to Hon. Peggy Kuo, U.S.M.J. ("Judge Kuo") for a report and recommendation.  See Text Only Order dated November 21, 2023.

On July 10, 2024, Plaintiff filed a certificate of service indicating that the motion for default judgment was served upon the Defendants by first class mail on the same date with no tracking information.  See ECF Docket Entries 18 and 19.

Eight (8) days later, Plaintiff filed a declaration concerning this mailing, averring that the address at which the Defendants were served is the one contained on the Secretary of State's website and also appears to be the personal residence of the individual Defendants.  See ECF Docket Entry 20.

On August 21, 2024, Judge Kuo issued a report and recommendation granting Plaintiff's motion for a default judgment.  See ECF Docket Entry 21.

On August 23, 2024, Plaintiff filed a certificate of service indicating that the same was served upon the Defendants by first class mail.  See ECF Docket Entry 22.

On November 20, 2024, this Court adopted Judge Kuo's report and recommendation.  See Text Only Order dated November 20, 2024.

On November 22, 2024, a default judgment was granted in the amount of $164,881.00.  See ECF Docket Entry 23.

Defendants were never properly served with the lawsuit, and had no actual knowledge or awareness that any lawsuit has been filed.  See Declaration of Konstantina Biscardi ("Biscardi Decl.") ¶¶ 4-8.

Prior to their personal bank account being frozen, the Individual Defendants were unaware of this lawsuit.  Biscardi Decl. ¶ 9.

Biscardi immediately took action to retain counsel upon learning that the bank account was frozen due to this lawsuit.  Id. ¶ 10.

Defendants would have immediately responded to the complaint had they been properly served and had notice of this lawsuit.  Biscardi Decl. ¶ 11.

## **LEGAL STANDARD**

Under Rule 60 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. See Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding. See Fed. R. Civ. P. 60(c).

"Because effective service of process is a prerequisite for the Court's exercise of personal jurisdiction over [a] defendant," ... "a default judgment obtained by way of defective service is void for lack of personal jurisdiction and must be set aside as a matter of law." See Lin v. Grand Sichuan 74 St. Inc., 2022 WL 195605, at *5 (S.D.N.Y., 2022) ("Because the Court finds that adequate service of process was never established as to Guang Jun Li and Cheng Chen, the default judgments against them are void, and the Court sets them aside pursuant to Rule 60(b)(4)") (citing NextEra Energy Mktg., LLC v. E. Coast Power & Gas, LLC, No. 20-CV-7075 (JPO), 2021 WL 3173173, at *2 (S.D.N.Y. July 26, 2021); see also Restoration Hardware, Inc. v. Lighting Design Wholesalers, Inc., No. 17 CIV. 5553 (LGS), 2020 WL 7093592, at *3 (S.D.N.Y. Dec. 4, 2020) ("A default judgment entered against a defendant should be vacated as void under Rule 60(b)(4) if service on defendant was defective"); City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 132 (2d Cir. 2011) ("A default judgment may be considered void if the judgment has been

3

entered in a manner inconsistent with due process of law"); China Mariners Assur. Corp. v. M.T. W.M. Vacy Ash, No. 96 CIV. 9553 (PKL), 1999 WL 126921, at *8 (S.D.N.Y. Mar. 9, 1999) ("When a default judgment is 'set aside as void pursuant to Rule 60(b)(4), it is unnecessary to examine the discretionary factors applicable to motions for relief under [Rule] … 60(b)(6)'").

Because entry of a default judgment is "the most severe sanction which the court may apply," "all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits." See New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005); see also Crawford v. Nails on 7th by Jenny Inc., 2020 WL 564059, at *2 (S.D.N.Y. Feb. 5, 2020) ("[W]hen doubt exists as to whether a default should be vacated, the doubt should be resolved in favor of the defaulting party, so as to ensure that actions will be resolved on the merits").

## ARGUMENT

### A. Defendants Are Entitled to Vacatur of the Default Judgment

As set forth herein, the Defendants were never properly served in this case as all service of process was effectuated by nail and mail or first-class mail, and the Defendants never received actual notice of this lawsuit. Under the circumstances present here, this is insufficient to constitute service upon Defendants.

Where, as here, a defendant moves to vacate a default judgment for insufficient service of process, courts generally construe the motion as one made under Rule 60(b)(4). See Trustees of Local 531 Pension Fund v. Am. Indus. Gases, Inc., 708 F. Supp. 2d 272, 275 (E.D.N.Y. 2010) ("Giving defendant the benefit of the intendment of its argument, the Court interprets its brief to allege that the default judgment is 'void' pursuant to Rule 60(b)(4) because Local 531 failed to adequately serve process, and thus the Court lacked personal jurisdiction."); see also United States

4

v. Roman, No. 98-CV-4953 (JS) (ETB), 2008 WL 4415291, at *1 (E.D.N.Y. Sept. 22, 2008) ("[T]he substance of Defendant's letter motion is that his rights were violated because the United States did not comply with Rules 12(b)(4) and (5), which deal with insufficient process and insufficient service of process, respectively, and therefore, this Court lacked jurisdiction to issue the default judgment against him. Accordingly, the Court analyzes Defendant's motion pursuant to Rule 60(b)(4)."); Arista Records, Inc. v. Musemeci, No. 03CV4465(DGT) (RML), 2007 WL 3124545, at *2 (E.D.N.Y. Sept. 18, 2007) ("Although he does not specifically cite Rule 60(b)(4), defendant alleges that he was never served with a summons or complaint .... The court construes this as a motion to vacate the default judgment on the ground that the default judgment was void for want of personal jurisdiction") (alteration added), report and recommendation adopted, No. CIV.A. CV-03-4465 (DG), 2007 WL 3145861 (E.D.N.Y. Oct. 25, 2007).

Accordingly, this Court should analyze Defendants' motion to vacate the default judgment against them for lack of proper service of process under the provisions of Rule 60(b)(4).

"A default judgment is 'void' if it is rendered by a court that lacks jurisdiction over the parties." See City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 138 (2d Cir. 2011). For a federal court to exercise personal jurisdiction over a defendant, "the plaintiff's service of process upon the defendant must have been procedurally proper." See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 673 F.3d 50, 59 (2d Cir. 2012).

Rule 4(e) governs the procedural requirements for the service of individuals. It provides:

> [A]n individual — other than a minor, an incompetent person, or a person whose waiver has been filed — may be served in a judicial district of the United States by:
> (1) following the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:

5

> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

See Fed. R. Civ. P. 4(e).

As this Court is located in New York, Section 308 of the New York Civil Practice Law and Rules ("CPLR") provides the relevant framework for service under Rule 4(e)(1). Section 308, in turn, provides that individuals may be served by: (i) delivering the summons to the person to be served, also known as personal service; or (ii) by delivering the summons to a person of suitable age and discretion at the actual place of business, dwelling place, or usual place of abode of the person to be served, along with mailing the summons to the person's last known address of residence, also known as substituted service. See CPLR § 308(1)-(2). However, and as relevant here, if personal service or substituted service "cannot be made with due diligence," Section 308(4) provides that a plaintiff can serve an individual:

> by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business[.]

See CPLR § 308(4). This type of service is sometimes referred to as nail and mail service.

Critically, "[t]he requirement of due diligence must be strictly observed because 'there is a reduced likelihood that a defendant will actually receive the summons when it is served pursuant to CPLR 308(4).'" See Serraro v. Staropoli, 94 A.D.3d 1083, 1084 (2d Dept. 2012) (quoting Kaszovitz v. Weiszman, 110 A.D.2d 117 (2d Dept. 1985)).

6

"New York courts have not adopted a *per se* rule as to what constitutes 'due diligence' under Section 308. Rather, whether attempts to effectuate service constitute due diligence is determined on a case-by-case basis." See Allstate Ins. Co. v. Rozenberg, 771 F. Supp. 2d 254, 261 (E.D.N.Y. 2011); accord Barnes v. City of New York, 51 N.Y.2d 906, 907 (1980) ("[I]n determining the question of whether due diligence has been exercised, no rigid rule could properly be prescribed."); McSorley v. Spear, 50 A.D.3d 652, 653 (2d Dept. 2008) ("What constitutes due diligence is determined on a case-by-case basis, focusing not on the quantity of the attempts at personal delivery, but on their quality").

For example, courts have found that "[a] mere showing of several attempts at service at either a defendant's residence or place of business may not satisfy the 'due diligence' requirement before resort to nail and mail service." See Estate of Waterman v. Jones, 46 A.D.3d 63, 66 (2d Dept. 2007); see also Prudence v. Wright, 94 A.D.3d 1073, 1074 (2d Dept. 2012) ("Due diligence was not exercised because two of the three attempts at service were at times when the defendant could not reasonably be expected to be at work, a national holiday."); Krisilas v. Mount Sinai Hosp., 63 A.D.3d 887, 889 (2d Dept. 2009) (finding that the plaintiff did not exercise the requisite due diligence because the plaintiff attempted to serve the defendant at his place of business outside of the defendant's office hours and did not attempt to contact the defendant to ascertain his office hours prior to attempting service).

However, "'due diligence' may be satisfied with a few visits on different occasions and at different times to the defendant's residence or place of business when the defendant could reasonably be expected to be found at such location at those times." See Estate of Waterman, 46 A.D.3d at 66; see also Weifang Xinli Plastic Products v. JBM Trading Inc., No. 1:11-CV-2710 (WFK) (LB), 2014 WL 4244258, at *3 (E.D.N.Y. Aug. 26, 2014) ("[A] rough standard of due

diligence has emerged from the caselaw. For instance, cases have required approximately three attempts at service, *optimally on non-consecutive days*") (emphasis added) (collecting cases); State Higher Educ. Servs. Corp. v. Sparozic, 35 A.D.3d 1069, 1071 (3d Dept. 2006) (finding due diligence requirement met where the plaintiff made efforts to "reach defendant at her residence on three different weekdays at different times of day, i.e., 7:30 a.m., the following evening at 7:15 p.m., and two weeks later at 10:10 a.m"); Johnson v. Waters, 291 A.D.2d 481 (2d Dep't 2002) ("The three attempts to make service of the summons and complaint upon the defendant at his residence at different times and on different days, including a Saturday, were sufficient to constitute due diligence.").

"Ordinarily, a plaintiff bears the burden of demonstrating that service of process was validly effected." See Khaldei v. Kaspiev, No. 10 CIV. 8328 (JFK), 2014 WL 2575774, at *5 (S.D.N.Y. June 9, 2014); cf. Penguin Grp. (USA) Inc. v. Am. Buddha, 609 F.3d 30, 34 (2d Cir. 2011) ("A plaintiff bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit").

"In New York, a process server's affidavit of service establishes a *prima facie* case of the account of the method of service[.]" See Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 57 (2d Cir. 2002); see also Nyctl 1997-1 Trust v. Nillas, 288 A.D.2d 279 (2d Dept. 2001) ("The affidavit of the process server constituted *prima facie* evidence of proper service pursuant to CPLR 308(1)").

However, "[a] defendant's sworn denial of receipt of service, ... rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing." Id. (alteration added).

8

Moreover, a party may vacate a default judgment within one year of the default upon a finding of the court that the defendant did not personally receive notice of the summons in time to defend, and has a meritorious defense. See, e.g., N.Y. and Presbyterian Hosp. v. Allstate Ins. Co., 815 N.Y.S.2d 478 (2d Dept. May 30, 2006) (citing CPLR § 317). Under CPLR § 317, excuse is not an element, and it is well-settled that, if the other requirements of the provision are met, a default judgment may be vacated. See Eugene Di Lorenzo, Inc. v. A.C. Dutton Lumber Co., Inc., 67 N.Y.2d 138, 142 (1986) ("[C]orporate defendants served under Business Corporation Law § 306 have frequently obtained relief from default judgments [pursuant to CPLR § 317] where they … did not receive actual notice of the action in time to defend") (collecting cases); see also Calderon v. 163 Ocean Tenants Corp., 27 A.D.3d 410, 410-11 (2d Dept 2006) (vacating default under CPLR § 317 where corporate defendant did not receive actual notice of suit because it was only served on Secretary of State and evidence demonstrated that corporation did not otherwise receive actual notice of the suit); cf. Argo Corp. v. Greater N.Y. Mut. Ins. Co., 1 A.D.3d 264, 265 (1st Dept 2003) (implying that insured could overcome failure to comply with policy's notice provision by demonstrating no actual notice, despite service on Secretary of State), aff'd 4 N.Y.3d 332 (2005).

Against this backdrop, the Defendants here provide sworn declarations averring that they never received notice of the actual lawsuit. See Declaration of Konstantina Biscardi ¶¶ 4-11. Further, the process server effectuated nail and mail service after three (3) personal service attempts on consecutive days. This is insufficient to constitute due diligence under New York law. See, e.g., JPMorgan Chase Bank, N.A. v. Szajna, 72 A.D.3d 902, 903 (2d Dept. 2010) ("[T]he three attempts to serve [the defendant] at his dwelling at different times and on different days, including an attempt on an early weekday morning and an attempt during midday Saturday, were

9

sufficient to constitute 'due diligence' within the meaning of CPLR 308(4)); Johnson, 291 A.D.2d 481 ("The three attempts to make service of the summons and complaint upon the defendant at his residence at different times and on different days, including a Saturday, were sufficient to constitute due diligence."); Matos v. Knibbs, 186 A.D.2d 725, 725 (2d Dept. 1992) ("The three attempts to make service of the summons and complaint upon Remch at his residence at different times and on different days, including a Saturday, were sufficient to constitute due diligence").

Accordingly, personal jurisdiction over the Defendants was never obtained and, as such, relief under Rule 60(b)(4) is warranted. This Court should therefore vacate the default judgment against the Defendants because it is void as a matter of law.

### B. Defendants Otherwise Meet the Criteria for Vacatur of Default

i.      Defendants' Default was not Willful

" '[W]illfulness,' in the context of a default, ... refer[s] to conduct that is more than merely negligent or careless, but is instead egregious and ... not satisfactorily explained." See Bricklayers, 779 F.3d at 186 (quoting S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998) (second omission in original) (internal quotation marks omitted)). Even a defendant who was "grossly negligent" in failing to answer was not necessarily willful; "[r]ather, the defaulting party must have engaged in deliberate or egregious conduct." See Sream Inc., 2017 WL 2633510, at *2.

Indeed, "a showing that a default was inadvertent is sufficient ... to vacate a default judgment." See Global Gold Mining, LLC v. Ayvazian, 983 F. Supp. 2d 378, 387 (S.D.N.Y. 2013), aff'd in part and modified in part, 612 Fed. Appx. 11 (2d Cir. 2015). Specifically, in determining whether a default was willful, courts must "look for bad faith, or at least something more than mere negligence, before rejecting a claim of excusable neglect based on an attorney's or a litigant's error." See Am. Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 60 (2d Cir. 1996).

10

Here, the docket does not evidence and the Plaintiff cannot establish that Defendants were willful in their delay because there is no quantum of proof that the Defendants blatantly ignored this lawsuit. Setting aside the fact that they were never properly served, CPLR § 317 permits them to vacate the judgment against them for up to five (5) years where, as here, they were not personally served and have a meritorious defense, which is addressed further *infra*.

Accordingly, Defendants were not willful in their delay, albeit this Court should eschew its analysis of this prong because Defendants seek vacatur of the judgment under CPLR § 317.

ii. Defendants have a Meritorious Defense

"To satisfy the criterion of a 'meritorious defense,' the defense need not be ultimately persuasive at this stage." See Am. Alliance Ins. Co., 92 F.3d at 61. "The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." See Enron Oil Corp., 10 F.3d at 98.

This is a low bar; the party seeking relief need only establish "even a hint of a suggestion" of a complete defense to the claims alleged. See Weisel v. Pischel, 197 F.R.D. 231, 239 (E.D.N.Y. 2000) (quoting Keegel v. Key West & Caribbean Trading Co., 627 F.2d 372, 374 (D.C. Cir. 1980)). Again, a defendant seeking to vacate a default "need only meet a low threshold to satisfy [the meritorious defense] factor." See MD Produce, 304 F.R.D. at 110.

Here, Plaintiff's claims arise under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") for alleged wage-and-hour violations. See ECF Docket Entry 1 at ¶¶ 34-73.

As set forth further below, Defendants have a meritorious defense it may advance that is sufficient to permit vacatur of the default judgment.

In order to determine whether an employer-employee relationship exists for FLSA

11

purposes, courts have adopted an "economic realities" test, "grounded in 'economic reality rather than technical concepts,' determined by reference not to 'isolated factors, but rather upon the circumstances of the whole activity.'" See Barfield v. New York City Health & Hosps. Corp., 537 F.3d 132, 141 (2d Cir. 2008) (citing Goldberg v. Whitaker House Co-op., Inc., 366 U.S. 28, 33 (1961); Rutherford Food Corp. v. McComb, 331 U.S. 722, 730 (1947)).

The Second Circuit has identified four factors that a court should address in applying, on a case-by-case basis, the economic realities test when determining employer status: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." See Carter v. Dutchess Cmty. Coll., 735 F.2d 8, 12 (2d Cir. 1984) (internal quotations and citations omitted); see id. at 12 n.1.

Here, among other defenses, Defendants can establish that Plaintiff was an independent contractor who was frequently unavailable for jobs because he was serving his own customers and performed available jobs for the Defendants to supplement his income; Plaintiff received a 1099, had his own car and tools, and was not subject to the direction and control of the Defendants. See Biscardi Decl. ¶¶ 12-13.

Accordingly, Defendants has established a meritorious defense warranting vacatur.

### iii. Plaintiff Suffers no Prejudice in the Delay

"[D]elay alone is not a sufficient basis for establishing prejudice" to a non-defaulting party by vacating a default. See MD Produce Corp. v. 231 Food Corp., 304 F.R.D. 107, 110 (E.D.N.Y. 2014) (quoting Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983)).

"To demonstrate prejudice, [a plaintiff] must establish 'that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud or collusion.'" See Global Gold Mining, 983 F. Supp. 2d at 388 (quoting Davis, 713 F.2d at 916).

In evaluating whether an adverse party would be prejudiced by vacatur of a default, the Court may consider whether "the delay occasioned by vacatur would 'thwart plaintiff's recovery or remedy.'" See PMJ Cap. Corp. v. Bauco, 333 F.R.D. 309, 313 (S.D.N.Y. 2019) (quoting Green, 420 F.3d at 110).

Here, Plaintiff is unable to establish any prejudice because no evidence has been lost and delay alone is insufficient. See, e.g., Vedder Price P.C. v. US Cap. Partners, LLC, No. 16-CIV.-6787, 2017 WL 4180021, at *4 (S.D.N.Y. Sep. 20, 2017) (vacating default where plaintiff failed to make "any adequate allegations of prejudice"); Sibley v. Choice Hotels Int'l, Inc., 304 F.R.D. 125, 131 (E.D.N.Y. 2015) (adopting report and recommendation) (vacating default where "there [wa]s no indication that evidence ha[d] been lost or that vacating the default w[ould] result in difficulties of discovery").

## CONCLUSION

For the foregoing reasons, this Court should grant Defendants' Order to show cause to vacate the default judgment, lift all restraints to permit it to operate in the normal course of its business, and stay all judgment enforcement action.

Dated: Jamaica, New York
      March 17, 2025　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　**SAGE LEGAL LLC**

　　　　　　　　　　　　　　　　　　_____/s_____
　　　　　　　　　　　　　　　　　　Emanuel Kataev, Esq.
　　　　　　　　　　　　　　　　　　18211 Jamaica Avenue
　　　　　　　　　　　　　　　　　　Jamaica, NY 11423-2327
　　　　　　　　　　　　　　　　　　(718) 412-2421 (office)
　　　　　　　　　　　　　　　　　　(917) 807-7819 (cellular)
　　　　　　　　　　　　　　　　　　(718) 489-4155 (facsimile)
　　　　　　　　　　　　　　　　　　emanuel@sagelegal.nyc

　　　　　　　　　　　　　　　　　　*Attorneys for Defendants*
　　　　　　　　　　　　　　　　　　*Whitestone Air Inc.,*
　　　　　　　　　　　　　　　　　　*Konstantina Biscardi, and*
　　　　　　　　　　　　　　　　　　*Michael Tegerides*

**VIA ECF**
Law Offices of Yale Pollack, P.C.
Attn: Yale Pollack, Esq.
66 Split Rock Road
Syosset, NY 11791
ypollack@yalepollacklaw.com

*Attorneys for Plaintiff*
*Anibal Gutama*

14