# CSM LEGAL, P.C.
Employment and Litigation Attorneys

60 East 42nd St. Suite 4510                                                                                 Telephone: (212) 317-1200  
New York, New York 10165                                                                                  Facsimile: (212) 317-1620

March 17, 2025

**VIA ECF**

Hon. Eric N. Vitaliano  
United States District Judge  
Eastern District Of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

        Re:     23-cv-02802-ENV-PK; Gutama v. Whitestone Air Inc. et al (EDNY)

Dear Judge Vitaliano:

        This firm, along with Law Offices of Yale Pollack, P.C., represents Plaintiff in the above-referenced matter. We write to object to a portion of Defendants' Order to Show Cause to Vacate the Judgment. Specifically, we object to the second portion of the proposed Order, which is reproduced below:

> "ORDERED, that pending the hearing and determination of this application, and further order of this Court: (a) all restraints upon Defendants' bank accounts shall be lifted; (b) all sums executed upon from Defendants' bank accounts or assets in connection with the November 22, 2024 default judgment shall be returned to Long Island Motors; (c) the Plaintiff and/or his agents and any persons or entities acting in concert with her, are hereby enjoined from taking any further action to enforce the November 22, 2024 default judgment; and (d) Defendants may continue to operate in the normal course of their business;"

        The relief that Defendants are asking for here amounts to a preliminary injunction or a temporary restraining order and is improper. Defendants are attempting to get the Court to sign off on relief from the judgment before the judgment has been vacated and without reviewing Plaintiff's opposition papers, which will demonstrate, *inter alia*, that: (a) Defendants were served at their address, which is also the registered business address for the corporate defendants; (b) Defendants were on notice of the filing of the Complaint prior to the issuance of any default as Defendant Kristina Biscardi contacted Plaintiff's counsel on September 7, 2023 and October 5, 2023 to discuss the case and Plaintiff's relationship with her – after the litigation was filed but before the default motion was filed; (c) Defendants had their own counsel, Elio Forcina, Esq., reach out to Plaintiff's counsel about the litigation where Plaintiff's counsel repeatedly advised Attorney Forcina in July 2024 that he would be moving forward with the default judgment; and (d) Plaintiff was a W-2 employee of Defendants as he was issued W-2s and payroll checks during

his employment from Defendants.[1]  Plaintiff should be entitled to enforce his judgment as long as the judgment remains in place.  Indeed, Defendants motion to vacate does not make a legal argument for enjoining Plaintiff from enforcement before the judgment is vacated.

Plaintiff is holding close to $70,000 in a bank account belonging to Defendant Michael Tegerides.  **Lifting the restraint on Mr. Tegerides bank account, before the judgment is vacated, would be extraordinarily prejudicial to Plaintiff**.  *See Fedex Techconnect, Inc. v. OTI, Inc.*, 2013 U.S. Dist. LEXIS 139591 (S.D.N.Y. Sep. 23, 2013) (Plaintiff obtained a default judgment and restrained Defendant's bank account.  Defendant moved to vacate and the Court denied the motion, holding that lifting the restraint would prejudice Plaintiff "by providing Defendant further opportunities to hide its assets or otherwise evade payment of its debts.")

As such, we respectfully ask the Court to strike the portion of Defendants' proposed Order which asks for Plaintiff's enforcement efforts to be enjoined or lifted while the motion is pending.

Respectfully,

/s/ Jesse S. Barton
Jesse S. Barton

---

[1] Despite claiming that Plaintiff was an independent contractor, glaringly absent from their moving papers are any 1099s issued to Plaintiff.