UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ANIBAL GUTAMA,                                           Civil Action No.:
                                                         23-CV-2802-ENV-PK
                          Plaintiff,

      -against-                                          **DECLARATION**
                                                         **IN OPPOSITION**

WHITESTONE AIR INC., KONSTANTINA BISCARDI
a/k/a KONSTANTINA TEGERIDES, and
MICHAEL TEGERIDES,

                          Defendants.
------------------------------------------------------------------------X

I, Yale Pollack, declare under penalty of perjury, and pursuant to 28 U.S.C. §1746, that the following is true and accurate:

1.   I am the principal of the Law Offices of Yale Pollack, P.C., attorneys for Plaintiff Anibal Gutama ("Plaintiff"). As such, I have personal knowledge of the facts set forth herein.

2.   I respectfully submit this Declaration, together with Plaintiff's Affidavit and the accompanying memorandum of law, in opposition to Defendants Whitestone Air Inc. ("Whitestone"), Kostantina Biscardi a/k/a Kostantina Tegerides ("Biscardi") and Michael Tegerides ("Tegerides") (collectively "Defendants") motion to vacate the default $195,909.40 judgment entered against them, plus interest, on November 22, 2024 (the "Judgment"). *ECF No. 23*.

3.   On April 14, 2023, Plaintiff commenced this action by the filing of a Summons and Complaint against the Defendants seeking, *inter alia*, monetary damages in the form of lost wages, liquidated damages, prejudgment interest, attorneys' fees and costs for violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") (the "Action"). *ECF No. 1*.

4. Defendants were served with a summons and complaint and defaulted as set forth below.

    a. Whitestone was served on April 26, 2023. *See ECF No. 8.*

    b. Biscardi was served on April 22, 2023. *See ECF No. 6.*

    c. Tegerides was served on April 22, 2023. *See ECF No. 7.*

5. On June 12, 2023, the Clerk entered a Certificate of Default against Defendants. *ECF No. 10.*

6. In her Declaration, Biscardi claims that more than a year before this action commenced, she was undergoing treatment for cancer through surgery performed on her in March 2022. *See Biscardi Decl., ¶5.*

7. Biscardi falsely claims that "[p]rior to learning that our personal bank account had been frozen in late February 2025, [she] was unaware that any lawsuit was filed against me, my husband, or our company." *ECF No. 27 (Biscardi Decl., ¶9).*

8. Glaringly absent from Defendants' opposition papers is any statement from Tegerides regarding whether he was aware of the action prior his bank account being frozen in February 2025.

9. In her Declaration, it is clear that Biscardi is making self-serving, perjurious statements in order to attempt have the Judgment vacated against Defendants, for the reasons set forth herein.

10. First, Whitestone was properly served with process by serving the Secretary of State on April 26, 2023, which was its designated agent for service of process. *ECF No. 8.*

11. Also, both Biscardi and Tegerides were properly served at their last known residential address, which operates at the same principal place of business for Whitestone, 149-44

15th Drive, Whitestone, New York 11357, with the Summons and Complaint also subsequently being mailed to that address. *ECF Nos. 6 and 7.*

12. As set forth in the accompanying exhibits to these papers, the address where Defendants were physically served matches the one and only address contained on the address issued to Plaintiff on his work orders, W-2s and payroll checks from Defendants. *See Declaration of Anibal Gutama ("Gutama Dec."), Exs. "J" to "L."*

13. Furthermore, as noted above, while Biscardi claims that she was not aware of the filing of the action until February 2025, the conversations that Biscardi had with the undersigned undermines that position.

14. Indeed, on September 7, 2023, Biscardi called the undersigned to discuss the case after it was filed against Defendants. During her conversation with the undersigned, Biscardi mentioned how she also owned "pizzerias" and that she paid Plaintiff every single dollar to which he was entitled.

15. In that same conversation, Biscardi went onto accuse Plaintiff of using the company's van and stealing Defendants' employees and client. Critically, during this call, Biscardi also mentioned that she was going to be speaking with her attorney about the matter, Elio Forcina, Esq.

16. As a result of the undersigned's contact with Biscardi, on September 12, 2023, I filed a letter with the Court requesting additional time to file the default motion against Defendants, noting that I had spoken with one of the defendants (Biscardi) and that she said her attorney would be filing a notice of appearance and seeking to answer the Complaint.

17. Thus, instead of proceeding with the default, I requested an extension of time until October 20, 2023 to file the default motion papers against Defendants, which was granted by the

Court. *A copy of the September 12, 2023 letter to the Court is annexed hereto as Exhibit "A"; see also ECF No. 13.*

18.  The Court granted Plaintiff's application and extended the deadline to file the default motion until October 20, 2023. *See ECF Electronic Order dated September 12, 2023.*

19.  When Defendants failed to file a notice of appearance by October 18, 2023, I wrote to the Court again asking until December 1, 2023 to file the default papers to see if the matter could be adjudicated on the merits because Biscardi had previously contacted my office, which was again granted by the Court. *A copy of the October 18, 2023 letter to the Court is annexed hereto as Exhibit "B"; see also ECF No. 14.*

20.  After Defendants failed to appear by the extended December 1, 2023 deadline, Plaintiff proceeded to file his motion for a default judgment against Defendants. *ECF Nos 15-16.*

21.  The motion was then referred to Magistrate Kuo for a report and recommendation. *ECF Entry Dated November 21, 2023.*

22.  On July 3, 2024, the Court issued an Order requiring certain deficiencies in the default motion to be addressed and to supplement the papers by July 12, 2024. *ECF Entry Dated July 3, 2024.*

23.  One of the deficiencies was to ensure that the papers were served at the physical address located for Whitestone because it was previously served via the Secretary of State.

24.  Accordingly, on July 10, 2024, Plaintiff complied by physically serving the motion papers on Defendants at their *only known physical address*, 149-44 15th Drive, Whitestone, New York 11357. *See ECF No. 18.*

25.  This was the address located on the Secretary of State's website, as well as the address located on Whitestone's Facebook page and as contained on Plaintiff's paychecks and

4

work orders. *A copy of Whitestone's Facebook page is annexed hereto as Exhibit "C." A copy of New York State Secretary of State page is annexed hereto as Exhibit "D"; see also Gutama Dec., Exs. "J" to "L."*

26. Notably, on the same date the papers were properly served at Defendants' physical address (i.e. July 10, 2024), I was contacted by a purported incoming attorney for Defendants that Biscardi told me would be representing Defendants, Mr. Forcina (see ¶15, *supra*), who advised that he was possibly going to represent Defendants in the action.

27. Accordingly, on that date, Mr. Pollack provided copies of the default papers to Mr. Forcina that were filed against Defendants, inquiring whether he would be "representing them and will accept service of the papers." *A copy of the July 10, 2024 email from Mr. Forcina is annexed hereto as Exhibit "E."*

28. In response, on July 10, 2024, Mr. Forcina responded with the following: "Please call me at 347 528 7099. This is the first I have heard of this. I will see if they want to retain me and settle this matter." *A copy of the July 10, 2024 email from Attorney Forcina is annexed hereto as Exhibit "F."* I then spoke to Mr. Forcina, who stated that he represented Defendants in other matters and would see if he would enter an appearance in this action.

29. As result of the discussion with Mr. Forcina, on July 10, 2024, this office wrote another letter to the Court requesting an additional extension of time to submit the corrected default papers until July 18, 2024, which extension was granted by the Court. *ECF No. 17.*

30. Between July 12, 2024 and July 17, 2024, this office wrote Mr. Forcina on multiple occasions advising of Plaintiff's intent to proceed with filing the corrected default papers by the Court's July 18, 2024 deadline. *Copies of the emails between this office and Mr. Forcina between July 12, 2024 and July 17, 2024 are annexed hereto as Exhibit "G."*

31. The response received by Mr. Forcina during that period was on July 16, 2024, when he stated "[m]ost likely meeting up tomorrow with them." *Ex. "G."*

32. When no communication was received in response to the emails by the July 18, 2024 deadline, in accordance with the Courts's directive, Plaintiff proceeded to file his corrected motion papers. *ECF No. 19-20*.

33. When a report and recommendation was issued by the Court on August 21, 2024 and the resulting Judgment was issued on November 22, 2024, they were immediately emailed to Mr. Forcina, who did not respond to either email. *Copies of the August 21, 2024 and November 22, 2024 emails to Mr. Forcina are annexed hereto as Exhibits "H" and "I" respectively.*

34. Based on the foregoing, it is evident that Defendants were well-aware of the action being filed against them – individually and through counsel – before any default proceedings were undertaken so that they could respond to the Complaint but they willfully failed to ignore their obligations by responding to the Complaint in a timely fashion.

35. Given Defendants' willfulness in failing to respond to the Complaint coupled with the lack of any viable defense to the claims asserted by Plaintiff that Plaintiff as an independent contractor instead of employee (which is undermined by the documents submitted by Plaintiff), it is respectfully submitted that if Defendants' motion to vacate the default is granted, Plaintiff would be severely prejudiced as he is holding close to $70,000.00 in a bank account belonging to Tegerides, which money belongs to him to partially satisfy the Judgment.

36. For the foregoing reasons and those contained in the accompanying Declaration of Plaintiff and memorandum of law, it is respectfully requested that Defendants' motion to vacate the default judgment be denied.

37. I declare under the penalty of perjury that the foregoing is true and accurate.

Dated: May 7, 2025
       Syosset, New York

_____
**YALE POLLACK**