# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd St. Suite 4510　　　　　　　　　　　　　　　　　　　　Telephone: (212) 317-1200
New York, New York 10165　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 317-1620

**VIA ECF**　　　　　　　　　　　　　　　　　　　　　　　　　　　May 9, 2025
Hon. Judge Peggy Kuo
United States Magistrate Judge
Eastern District Of New York
225 Cadman Plaza East
Brooklyn, New York 11201

　　　　Re:　23-cv-02802-ENV-PK; Gutama v. Whitestone Air Inc. et al (EDNY)

Dear Judge Kuo:

　　　This firm represents the Plaintiff in the above-referenced action. We write in opposition to Defendant Biscardi's request to release the funds that Plaintiff has restrained.

　　　Fresh off submitting a misleading affidavit to the Court, where Ms. Biscardi claimed she did not know of this action despite Plaintiff's demonstrable evidence that she did, Ms. Biscardi is again making misrepresentations. Plaintiff has not restrained anything in Ms. Biscardi's accounts. Plaintiff has only restrained funds in Defendant Tegeride's account, of which Ms. Biscardi is not a joint holder. The Defendants also have an open business, Whitestone Air, of which the Plaintiff has not restrained any funds.

　　　Plaintiff is fully entitled to enforce and collect his judgment, particularly here where the Defendants' default was willful. Indeed, without the ability to enforce a judgment the Court's authority would be severely diminished. *See Peacock v. Thomas*, 516 U.S. 349, 359, 116 S. Ct. 862 (1996). ("The Rules cannot guarantee payment of every federal judgment. But as long as they protect a judgment creditor's ability to execute on a judgment, the district court's authority is adequately preserved.") Ms. Biscardi's request would be extraordinarily prejudicial to Plaintiff and would stymie his collection efforts. *See U.S. Bank Nat'l Ass'n v. APP Int'l Fin. Co.,* 2012 NY Slip Op 6901, 100 A.D.3d 179, 183, 952 N.Y.S.2d 533 (App. Div. 1st Dept.) ("'[P]ublic policy is to put no obstacle in the path' of those seeking to enforce a judgment.") (quoting *Siemens & Halske v. Gres*, 77 Misc. 2d 745, 354 N.Y.S.2d 762 (Sup. Ct. 1973).

　　　Ms. Biscardi currently owes Plaintiff a debt of $195,909.40. Ms. Biscardi has filed a motion to vacate the judgment and is being afforded the opportunity to be heard. In the interim, while the judgment still stands, Plaintiff should not be held responsible for Ms. Biscardi's attorneys' fees, especially in this instance, where Ms. Biscardi willfully defaulted and does not have a meritorious defense to Plaintiff's claims.

　　　　　　　　　　　　　　　　　　　　　　　Respectfully,

　　　　　　　　　　　　　　　　　　　　　　　/s/ Jesse S. Barton
　　　　　　　　　　　　　　　　　　　　　　　Jesse S. Barton