UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANIBAL GUTAMA,

                                                                                    **Case No.: 1:23-cv-2802 (ENV) (PK)**

                                  Plaintiff,

          -against-

WHITESTONE AIR INC., KONSTANTINA
BISCARDI a/k/a KONSTANTINA TEGERIDES, and
MICHAEL TEGRERIDES,

                                  Defendants.
------------------------------------------------------------------X


**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
THEIR ORDER TO SHOW CAUSE TO VACATE THE DEFAULT JUDGMENT**


                                                                                  **SAGE LEGAL LLC**
                                                                                  Emanuel Kataev, Esq.
                                                                                  18211 Jamaica Avenue
                                                                                   Jamaica, NY 11423-2327
                                                                                  (718) 412-2421 (office)
                                                                                  (917) 807-7819 (cellular)
                                                                                  (718) 489-4155 (facsimile)
                                                                                  emanuel@sagelegal.nyc

                                                                                *Attorneys for Defendants*
                                                                                *Whitestone Air Inc.,*
                                                                                *Konstantina Biscardi, and*
                                                                                *Michael Tegerides*

                                                                                *\*Motion to withdraw pending*

**PRELIMINARY STATEMENT**

The default judgment must be vacated in accordance with New York Civil Practice Law & Rules ("CPLR") § 317 as to individual Defendants Konstantina Biscardi a/k/a Konstantina Tegerides ("Biscardi"), and Michael Tegrerides ("Tegerides") (Biscardi and Tegrerides collectively hereinafter the "Individual Defendants") because they were indisputably never personally served and there was no due diligence because visits were made on consecutive days at times the defendant could not be reasonably expected to be found, and vacatur is warranted as to Defendant Whitestone Air Inc. (hereinafter "Whitestone") (Whitestone and the Individual Defendants collectively hereinafter the "Defendants") in the interests of justice and to permit a finding on the merits.

**ARGUMENT**

**A.     Defendants Meet the Criteria for Vacatur of Default**

  i.     Defendants' Default was not Willful

Plaintiff's opposition centers on the notion that Defendants must have been aware that a lawsuit was filed against them. But they were never personally served with any process. Even assuming *arguendo* that they were, Plaintiff has provided no basis whatsoever to conclude that Defendants, as laypeople, *knew* that a lawsuit was filed against them.

Even a defendant who was "grossly negligent" in failing to answer was not necessarily willful; "[r]ather, the defaulting party must have engaged in deliberate or egregious conduct." See Sream Inc. v. Saakshi Enterprises Inc., No.: 16-cv-1408 (NG) (RML), 2017 WL 2633510, at *2 (E.D.N.Y. June 15, 2017). Again, "a showing that a default was inadvertent is sufficient ... to vacate a default judgment." See Global Gold Mining, LLC v. Ayvazian, 983 F. Supp. 2d 378, 387 (S.D.N.Y. 2013), aff'd in part and modified in part, 612 Fed. Appx. 11 (2d Cir. 2015).

Plaintiff points to no showing that their default was in bad faith, and there is no explanation offered for why the attorney who contacted his counsel never appeared.[1] Moreover, CPLR § 317 permits the Individual Defendants to vacate the judgment against them for up to five (5) years where, as here, they were not personally served and have a meritorious defense, which is addressed further *infra*.

Accordingly, Defendants were not willful in their delay, albeit this Court should eschew its analysis of this prong because the Individual Defendants seek vacatur of the judgment under CPLR § 317.

  ii.  <u>Defendants have a Meritorious Defense</u>

Plaintiff argues that his treatment of compensation for tax purposes is dispositive and Defenadnts therefore have no meritorious defense.

However, the tax characterization of compensation payments to an individual are not dispositive. <u>See</u> <u>Hernandez v. Chefs Die t Delivery, LLC</u>, 915 N.Y.S.2d 623, 626 (2d Dept. 2011) (<u>citing</u> <u>Araneo v. Town Bd. of Clarkstown</u>, 865 N.Y.S.2d 281, 283–84 (2d Dept. 2008)) (parties' own designation of their relationship as an independent contractor or employer-employee relationship in internal documents and tax forms as may be considered but "is not dispositive"); <u>see</u> <u>also</u> <u>Ansoumana v. Gristede's Operating Corp.</u>, 255 F.Supp.2d 184, 190 (S.D.N.Y.2003) ("An employer's characterization of an employee is not controlling …").

Accordingly, recognizing the low standard at this stage required to demonstrate a meritorious defense, the Defendants have capably demonstrated same at this juncture.

---

[1] Your undersigned was unaware of these exchanges between prior counsel at the time the motion was made as Defendants did not inform your undersigned of same. Although your undersigned was aware – based on the representations made in the docket – that Plaintiff's counsel spoke with Biscardi in September 2023, your undersigned was informed by Defendants that it was not made clear to Biscardi that a lawsuit had been filed during that conversation, as they merely argued over the merits of Plaintiff's claim.

   iii. <u>Plaintiff Suffers no Prejudice in the Delay</u>

  Plaintiff argues that he is prejudiced because his judgment recovery efforts may be stalled. But this is not a valid basis to establish prejudice because a potential "difficult[y] ... recuperating [ ] losses" does not warrant denial of vacatur. See <u>AEye, Inc. v. All Blue Falcons FZE</u>, No. 22-CV-4964 (RA) (VF), 2025 WL 587046, at *7 (S.D.N.Y. Feb. 24, 2025) (citing <u>Durso v. Mod. Food Ctr., Inc.</u>, No. 17-CV-7324 (LAK) (GWG), 2019 WL 2150424, at *8 (S.D.N.Y. May 17, 2019) (finding that arguments regarding potential difficulty recuperating losses did not establish more than minimal prejudice, but denying vacatur on grounds that defendant lacked a meritorious defense).

  Accordingly, the prejudice prong militates in favor of the Defendants.

## CONCLUSION

  For the foregoing reasons, this Court should grant Defendants' Order to show cause to vacate the default judgment, lift all restraints to permit it to operate in the normal course of its business, and stay all judgment enforcement action.

Dated: Jamaica, New York
   May 15, 2025        Respectfully submitted,

               **SAGE LEGAL LLC**
                */s/ Emanuel Kataev, Esq.*
               Emanuel Kataev, Esq.
               18211 Jamaica Avenue
               Jamaica, NY 11423-2327
               (718) 412-2421 (office)
               (917) 807-7819 (cellular)
               (718) 489-4155 (facsimile)
               emanuel@sagelegal.nyc

               *Attorneys for Defendants*
               *Whitestone Air Inc.,*
               *Konstantina Biscardi, and*
               *Michael Tegerides*
               *\*Motion to withdraw pending*

**VIA ECF**
Law Offices of Yale Pollack, P.C.
<u>Attn</u>: Yale Pollack, Esq.
66 Split Rock Road
Syosset, NY 11791
ypollack@yalepollacklaw.com

*Attorneys for Plaintiff*
*Anibal Gutama*

4