UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ANIBAL GUTAMA,

                                             Case No.: 1:23-cv-2802 (ENV) (PK)

                        Plaintiff,

         -against-

WHITESTONE AIR INC., KONSTANTINA
BISCARDI a/k/a KONSTANTINA TEGERIDES,
and MICHAEL TEGRERIDES,

                         Defendants.

-------------------------------------------------------------------X

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OBJECTIONS
TO THE HON. PEGGY KUO, U.S.M.J.'S APRIL 3, 2026 ORDER DENYING THE
<u>DEFENDANTS' MOTION TO VACATE THE DEFAULT JUDGMENT</u>**

Dated:  Jamaica, New York
         April 17, 2026

**SAGE LEGAL LLC**
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
(917) 807-7819 (cellular)
emanuel@sagelegal.nyc

*Attorneys for Defendants*

## PRELIMINARY STATEMENT

On November 22, 2024, a judgment by default was entered in this case. See ECF Docket Entry 23. This case then remained dormant for approximately four (4) months. On March 17, 2025, Defendants appeared by counsel and moved to vacate the default judgment. See ECF Docket Entries 24, 25, 26, and 27.

Defendants argued in the motion, *inter alia*, that "a party may vacate a default judgment within one year of the default upon a finding of the court that the defendant did not personally receive notice of the summons in time to defend, and has a meritorious defense. See, e.g., N.Y. and Presbyterian Hosp. v. Allstate Ins. Co., 815 N.Y.S.2d 478 (2d Dept. May 30, 2006) (citing [New York Civil Practice Law & Rules ('CPLR')] § 317). Under CPLR § 317, *excuse is not an element*, and it is well-settled that, *if the other requirements of the provision are met, a default judgment may be vacated*. See Eugene Di Lorenzo, Inc. v. A.C. Dutton Lumber Co., Inc., 67 N.Y.2d 138, 142 (1986) ("[C]orporate defendants served under Business Corporation Law § 306 have frequently obtained relief from default judgments [pursuant to CPLR § 317] where they … did not receive actual notice of the action in time to defend") (collecting cases); see also Calderon v. 163 Ocean Tenants Corp., 27 A.D.3d 410, 410-11 (2d Dept 2006) (vacating default under CPLR § 317 where corporate defendant did not receive actual notice of suit because it was only served on Secretary of State and evidence demonstrated that corporation did not otherwise receive actual notice of the suit); cf. Argo Corp. v. Greater N.Y. Mut. Ins. Co., 1 A.D.3d 264, 265 (1st Dept 2003) (implying that insured could overcome failure to comply with policy's notice provision by demonstrating no actual notice, despite service on Secretary of State), aff'd 4 N.Y.3d 332 (2005)." (emphasis added).

Plaintiff opposed the motion. See ECF Docket Entries 29, 34, 38, 39, 40, 42, and 46.

On April 3, 2026, after this Court referred the motion to the Hon. Peggy Kuo, U.S.M.J. ("Judge Kuo") on April 23, 2025, Judge Kuo issued a Report & Recommendation (the "R&R") denying the motion.  See Text Only Order dated April 23, 2025; see also ECF Docket Entry 47.

The R&R does not address CPLR § 317.  See ECF Docket Entry 47.

For the reasons set forth below, Defendants respectfully submit that Judge Kuo's R&R denying the Defendants' motion to vacate the default judgment must be set aside.

In the R&R, Judge Kuo denied the motion because she found: (i) the Defendants were properly served; (ii) the Defendants were willfully in default; (iii) the Defendants did not have a meritorious defense; and (iv) Plaintiff would be prejudiced by granting Defendants relief. However, Judge Kuo did not address the applicability of CPLR § 317, which grants Defendants here relief where they were not *personally* served, a fact which is not in dispute.

## FACTS

On April 14, 2023, Plaintiff Anibal Gutama (hereinafter "Plaintiff") filed the complaint in this case against Defendants Whitestone Air Inc. (hereinafter "Whitestone" or the "Corporate Defendant"), Konstantina Biscardi a/k/a Konstantina Tegerides ("Biscardi"), and Michael Tegrerides ("Tegerides") (Biscardi and Tegerides collectively hereinafter the "Individual Defendants") (the Corporate Defendant and the Individual Defendants collectively hereinafter the "Defendants").  See ECF Docket Entry 1.

On April 25, 2023, Plaintiff filed affidavits of service indicating that the complaint was served upon the Individual Defendants on April 22, 2023 by "nail and mail" service.  See ECF Docket Entries 6 and 7.  Both affidavits of service provide that attempts at service were made on three (3) consecutive days – April 20, 2023, April 21, 2023, and April 22, 2023 – at 9:15 AM, 7:37 AM, and 9:43 AM, respectively.  See Id.

2

Critically, the affidavits of service also provide that there was no answer at the door upon ringing the bell or knocking on all attempts. Id.

On April 26, 2023, Plaintiff filed an affidavit of service indicating that the complaint was served upon Whitestone that day via Secretary of State pursuant to the New York Business Corporation Law ("BCL") § 306. See ECF Docket Entry 8.

After requesting a certificate of default on June 8, 2023, which was entered by the Clerk on June 12, 2023, Plaintiff moved for a default judgment on November 17, 2023. See ECF Docket Entries 9, 10, and 15. The motion was referred by this Court to Hon. Peggy Kuo, U.S.M.J. ("Judge Kuo") for a report and recommendation. See Text Only Order dated November 21, 2023.

On July 10, 2024, Plaintiff filed a certificate of service indicating that the motion for default judgment was served upon the Defendants by first class mail on the same date with no tracking information. See ECF Docket Entries 18 and 19.

Eight (8) days later, Plaintiff filed a declaration concerning this mailing, averring that the address at which the Defendants were served is the one contained on the Secretary of State's website and also appears to be the personal residence of the individual Defendants. See ECF Docket Entry 20.

On August 21, 2024, Judge Kuo issued a report and recommendation granting Plaintiff's motion for a default judgment. See ECF Docket Entry 21.

On August 23, 2024, Plaintiff filed a certificate of service indicating that the same was served upon the Defendants by first class mail. See ECF Docket Entry 22.

On November 20, 2024, this Court adopted Judge Kuo's report and recommendation. See Text Only Order dated November 20, 2024. On November 22, 2024, a default judgment was granted in the amount of $164,881.00. See ECF Docket Entry 23.

Defendants were never properly served with the lawsuit, and had no actual knowledge or awareness that any lawsuit has been filed.  See ECF Docket Entry 27 ¶¶ 4-8.  Prior to their personal bank account being frozen, the Individual Defendants were unaware of this lawsuit.  Id. ¶ 9. Biscardi immediately took action to retain counsel upon learning that the bank account was frozen due to this lawsuit.  Id. ¶ 10.  Defendants would have immediately responded to the complaint had they been properly served and had notice of this lawsuit.  Id. ¶ 11.

## STANDARD OF REVIEW

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." See 28 U.S.C. § 636(b)(1). Parties may object to a magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition." See Fed. R. Civ. P. 72(b)(2).[1]

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." See 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews *de novo* the parts of the report and recommendation to which the party objected. Id.; see also United States v. Romano, No. 15-992-CR, 2022 WL 402394, at *3 (2d Cir. Feb. 10. 2022) (citation omitted).

Whether clear error review or de novo review applies when an objecting party reiterates the arguments made to the magistrate judge is unclear. While the Second Circuit has suggested that clear error review is appropriate if a party's objection to a magistrate judge's report and recommendation repeats arguments already presented to and considered by the magistrate judge,

---

[1] Judge Kuo issued the R&R at issue here on April 3, 2024, and this motion is made on April 17, 2026.  This motion is therefore timely made within fourteen (14) days pursuant to Rule 72.

see Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b)...."), the Second Circuit has also stated that it is "skeptical" that the clear error standard would be appropriate when the objection is based on a previously asserted argument, see Moss v. Colvin, 845 F.3d 516, 520 n.2 (2d Cir. 2017) (per curiam) ("[W]e are skeptical that clear error review would be appropriate in this instance, where arguably 'the only way for [the plaintiff] to raise ... arguments [on that point] [was] to reiterate them'") (quoting Watson v. Geithner, No. 11-CV-9527, 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013) (citing 28 U.S.C. § 636(b)(1)); see also Joseph v. Korn, No. 19-CV-7147, 2021 WL 912163, at *1 (E.D.N.Y. Mar. 9, 2021) ("Although '[o]bjections that reiterate arguments considered and rejected by the magistrate are reviewed for clear error,' in an abundance of caution, this [c]ourt reviews [the] [p]laintiff's arguments de novo" (quoting Cruz v. Colvin, No. 13-CV1267, 2014 WL 5089580, at *1 (S.D.N.Y. Sept. 25, 2014)).

The Defendants' motion to vacate was potentially, and came to be, a dispositive motion. As such, this Court should make a de novo determination.  See SLC Turnberry, Ltd. v. The Am. Golfer, Inc., 240 F.R.D. 50, 52 (D. Conn. 2007) ("As defendants' Motion to Vacate was a potentially dispositive motion referred to the Magistrate Judge for a recommended ruling, this Court makes a de novo determination of those portions of the Recommended Ruling to which plaintiffs have filed an objection").

For the reasons set forth below, the R&R must be set aside.

5

## ARGUMENT

### POINT ONE

### THE STANDARD TO VACATE A DEFAULT JUDGMENT UNDER CPLR § 317

Because default judgments are "'the most severe sanction which the court may apply,'" the Second Circuit has cautioned "time and again that a trial court's desire to move its calendar should not overcome its duty to do justice." See Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995) (quoting SEC v. Mgmt. Dynamics, Inc., 515 F.2d 801, 814 (2d Cir. 1975)).   Instead, the Second Circuit has stated a "strong preference for resolving disputes on the merits." See Johnson v. N.Y. Univ., 800 Fed. Appx. 18, 20 (2d Cir. 2020) (citation omitted); see also Badian v. BrandAid Communs. Corp., 2004 U.S. Dist. LEXIS 17404, 2004 WL 1933573, *2 (S.D.N.Y. Aug. 30, 2004) ("The Second Circuit has made clear its preference that 'litigation disputes be resolved on the merits, not by default.'") (quoting Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995); Neumade Prods. Corp. v. Smith, 2001 U.S. Dist. LEXIS 7291, 2001 WL 619341, at *1 (S.D.N.Y. June 5, 2001) ("As we have previously stated, this Court has a preference for resolving litigation disputes on the merits and not by default . . . . [even where] defendants' conduct has been egregious").

"CPLR 317 permits a defendant who has been served with a summons other than by personal delivery to defend the action *upon a finding by the court that the defendant did not personally receive notice of the summons in time to defend* and has a potentially meritorious defense." See Grant v City of Mount Vernon, 238 AD3d 1115, 1116 (2d Dept. 2025).

### POINT TWO

### INDIVIDUAL DEFENDANTS DID NOT RECEIVE NOTICE IN TIME TO DEFEND

Here, Judge Kuo found in her R&R that the complaint was purportedly served in April 2023.  See ECF Docket Entry 47 at 1-2 (identifying various late April dates as dates of service).

6

As a result, because the Defendants were not personally served, Defendants were required to respond to the complaint at some point in time in May 2023. See CPLR § 320(a) ("If the summons is served by any method other than personal delivery to the defendant within the state, the defendant shall appear within thirty days after service is complete").

Because no Defendant timely appeared, a certificate of default was entered on June 12, 2023. Id. at 2 (citing ECF Docket Entry 10). The first time Defendants had actual notice of the lawsuit, notwithstanding the fact they had not been *personally* served (for purposes of analysis under CPLR § 317), was in early September 2023, long after the deadline for Defendants to timely defend had passed. Id. at 2. CPLR § 317 thus fully applies, as the Individual Defendants did not "personally receive notice of the summons *in time to defend*." Cf. Guayara v First Rockaway Coast Corp., 35 AD3d 659, 660 (2d Dept. 2006) ("Nevertheless, the defendant was not entitled to vacatur pursuant to CPLR 317 because it failed to demonstrate that it did not receive actual notice of this action *in time to defend*") (emphasis added).

Accordingly, the first prong of CPLR § 317 has been met, because there is no evidence in the record to support the notion that the Individual Defendants[2] had actual notice. See Price v. Boston Rd. Dev. Corp., 56 A.D.3d 336 (1st Dept. 2008) (affirming vacatur of default under CPLR § 317 and crediting defendant's affidavits that it did not receive "actual notice" of the action until served with motion for default judgment).

That Judge Kuo found Defendants later had notice and failed to earlier act is not dispositive.

---

[2] Defendants concede that the corporate defendant is not eligible for relief under CPLR § 317 and do not seek to set aside the default judgment as against Whitestone. They do so despite the fact that, under New York law, a defendant may be entitled to vacatur of a default judgment where it did not receive actual personal notice of the filing of a complaint, such as where plaintiff served defendant solely via the Secretary of State at an outdated address. See CPLR § 317; see also Nouveau Elevator Indus., Inc. v. Continental Casualty Ins. Co., 2006 WL 1720429, *5 (E.D.N.Y. June 21, 2006); Calderon v. 163 Ocean Tenants Corp., 27 A.D.3d 410, 410-411 (2d Dept. 2006).

This is because courts, while finding service proper under CPLR § 308(2), have vacated default judgments under Rule 60(b)(6) where defendants have met the requirements of CPLR § 317. See National Union Fire Ins. Co. of Pittsburgh, Pa. v. Saunders, 88-CIV.-6580, 1992 WL 80732 (S.D.N.Y. Apr. 6, 1992); see also Interlink Sys. Inc. v. Ajinomoto USA Inc., 88-CIV.-2308, 1989 WL 8953 (S.D.N.Y. Feb. 2, 1989).

**POINT THREE**

**THE INDIVIDUAL DEFENDANTS HAVE MERITORIOUS DEFENSES**

Judge Kuo found that Defendants failed to establish a meritorious defense because they purportedly failed to provide sufficient evidence supporting their independent contractor defense, which Judge Kuo held is a complete defense to the claims brought by Plaintiff in this case.  See ECF Docket Entry 47 at 12-13.

However, New York courts analyzing CPLR § 317 for the sufficiency of evidence supporting a meritorious defense do not place the burden of providing anything more than an affidavit, with no other evidence required.  See, e.g., Marte v. 102-06 43 Ave., LLC, 24 N.Y.S.3d 236, 237 (1st Dept. 2016) ("The affidavit the LLC submitted in support of its motion was sufficient to show a meritorious defense … —namely, that it is an out-of-possession landlord that bears no liability for the injuries that allegedly occurred in its tenant's bar due to the criminal acts of third parties") (citing Peacock v. Kalikow, 239 A.D.2d 188, 190 (1st Dept. 1997); DeJesus v. New York City Health & Hosps. Corp., 309 A.D.2d 729, 729 (2d Dept. 2003)); see also Peacock, 239 A.D.2d at 190 ("In order to demonstrate a meritorious defense, a party must submit an affidavit from *an individual with knowledge of the facts*") (emphasis added).

This is precisely what Defendants did.  Biscardi, an individual with knowledge of the facts, submitted a sworn declaration asserting a meritorious defense and provided facts supporting same.

It is of no moment that Tegerides failed to submit a declaration, nor was Biscardi required to address each and every factor under Brock[3] to make a sufficient showing of a meritorious defense. This is especially the case where no one factor is dispositive under Brock. See 840 F.2d at 1059.

In light of the well-settled proposition that the defense need not be ultimately persuasive, just whether evidence submitted, if proven at trial, would constitute a complete defense. See Am. Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996); see also Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 98 (2d Cir. 1993).

Accordingly, Defendants' submission was sufficient to establish a meritorious defense.

## POINT FOUR

## WILLFULNESS & PREJUDICE ANALYSIS DO NOT APPLY UNDER CPLR § 317

Under CPLR § 317, excuse is not an element, and it is well-settled that, if the other requirements of the provision are met, a default judgment may be vacated. See Eugene Di Lorenzo, Inc. v. A.C. Dutton Lumber Co., Inc., 67 N.Y.2d 138, 142 (1986)

In light of the foregoing, Defendants need not address willfulness and prejudice to establish entitlement to relief under CPLR § 317.

## CONCLUSION

Based upon the foregoing, Defendants respectfully request that the Court: (i) set aside Judge Kuo's R&R, and (ii) for such other and further relief as this honorable Court deems just and proper.

---

[3] See Brock v. Superior Care, Inc., 840 F.2d 1054, 1058 (2d Cir. 1988).

9

Dated: Jamaica, New York
     April 17, 2026

Respectfully submitted,

**SAGE LEGAL LLC**

_/s/ Emanuel Kataev, Esq._
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
(917) 807-7819 (cellular)
emanuel@sagelegal.nyc

*Attorneys for Defendants*
*Whitestone Air, Inc.*

**VIA ECF**
All counsel of record

10