UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

ANIBAL GUTAMA,

Civil Action No.:
23-CV-2802-ENV-PK

Plaintiff,

-against-

WHITESTONE AIR INC., KONSTANTINA BISCARDI
a/k/a KONSTANTINA TEGERIDES, and
MICHAEL TEGERIDES,

Defendants.

-------------------------------------------------------------------------X

---

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION TO SET ASIDE MAGISTRATE JUDGE PEGGY KUO'S REPORT AND
RECOMMEDNATION DENYING DEFENDANTS' MOTION TO VACATE THE
DEFAULT JUDGMENT**

---

Of Counsel:
Yale Pollack, Esq.

**PRELIMINARY STATEMENT**

Plaintiff respectfully submits this memorandum of law in opposition to Defendants' objections to the April 3, 2026 Report and Recommendation ("R&R") of the Honorable Peggy Kuo, United States Magistrate Judge. *ECF No. 47*.

The R&R correctly and thoroughly concluded that Defendants failed to meet their burden under Federal Rule of Civil Procedure 60(b) and that the default judgment entered on November 22, 2024 should not be vacated. Defendants' motion simply rehashes arguments already considered and rejected and do not identify any legal or factual error warranting rejection of the R&R.

Defendants, again, appear to be willing to subject themselves to possible perjury by claiming, again, that they were not aware of their lawsuit until their bank account was frozen. Indeed, Judge Kuo went into great details about the communications Plaintiff's counsel had with Defendant Konstantina Biscardi ("Biscardi") and her counsel, Elio Forcina, Esq., undermining any claim that Biscardi did not learn of it until the bank account was frozen. *R&R, p. 11*. This included the fact that multiple extensions were requested by Plaintiff's counsel before filing the default motion after being contacted by Biscardi and Mr. Forcina, which, nevertheless, still resulted in continued failures by Defendants to appear in the action. In analyzing Biscardi's Declaration in support of the motion to vacate the Judgment (*ECF No. 27*), Judge Kuo noted that: (a) Biscardi called Plaintiff's counsel on September 7, 2023 to advise that she was going to speak with her attorney about the case, but did not explain what she would discuss with him other than this litigation; (b) Biscardi failed to explain how she obtained Plaintiff's counsel's telephone number to contact him, which was contained on the Summons and Complaint; and (c) Mr. Forcina emailed

2

Plaintiff's counsel about possible settlement of the matter and appearing in the action, supported through documentary evidence. *R&R, p. 11*.

Further, in the well-reasoned R&R, Magistrate Kuo proper noted that proper service was effectuated on Defendants as the only address published anywhere for them to be served, to wit, 149-44 15th Street, Whitestone, New York 11357,[1] where all papers were served, and that the Affidavits of Service filed with the Court supporting proper service at that address "constitute prima facie evidence that service as the Individual Defendants was proper …" *R&R, pp. 3, 9*.

Judge Kuo also properly held that Defendants failed to present a meritorious defense by summarily claiming that Plaintiff was an independent contractor as they failed to address any of the Brock factors in their papers and, also, that they did "not submit any evidence to support Ms. Biscardi's assertions, such as a copy of an IRS Form 1099 for Plaintiff, any records of times that Plaintiff worked, or description of the work Plaintiff did and under what circumstances," including the that they "also do not dispute that he worked for a time period spanning more than four years." *R&R, p. 13*.

Finally, Judge Kuo properly held that Plaintiff would be prejudiced by vacatur of the Judgment because, despite being on notice of the matter since September 2023, Defendants did not appear in the case until March 2025, during which time Plaintiff expended significant resources in attempting to secure and collect on the Judgment, further noting that the passage of time supported that Plaintiff would be prejudiced based on the three year gap. *R&R, p. 15*.

---

[1] Judge Kuo also noted that the address for Whitestone was the same on (a) New York State Secretary of State's website; (b) Whitestone's Facebook page; and (c) Plaintiff's paychecks and work orders. *R&R, p. 3*.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the District Court reviews de novo only those portions of an R&R to which a party makes specific, substantive objections.  Objections that merely restate arguments previously presented are reviewed for clear error and should be overruled.  *Chime v. Peak Sec. Plus, Inc.*, 137 F.Supp.3d 183, 187 (E.D.N.Y. 2015).

Here, Defendants do not meaningfully challenge the Magistrate Judge's factual findings or legal analysis.  Instead, they attempt to relitigate issues fully addressed in the underlying motion resulting in the R&R upholding the default against Defendants, while also improperly injecting CPLR § 317 into a federal Rule 60(b) analysis.  Their motion, which does not even contain specific objections to any fact or law misapprehended by the Court, therefore fails under either standard of review.

**LEGAL ARGUMENTS**

**POINT I**

**THE R&R CORRECTLY HELD THAT THE DEFAULT JUDGMENT IS NOT VOID FOR LACK OF SERVICE**

**A.    Magistrate Judge Kuo Correctly Found Service Was Proper**

A judgment is void under Rule 60(b)(4) only where the rendering court lacked jurisdiction due to ineffective service of process.  *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 299 (2d Cir. 2005). Where service is properly effectuated under Rule 4(e) and applicable state law, relief under Rule 60(b)(4) is unavailable.

Under CPLR § 308(4), nail-and-mail service is permissible where a plaintiff exercises "due diligence" in attempting personal service.  Multiple service attempts at different times and days at

a defendant's residence satisfy this standard.  *U.S. Bank Nat'l Ass'n v. Nakash*, 195 A.D.3d 651, 151 N.Y.S.3d 50 (2d Dep't 2021).

A process server's affidavit of service establishes a presumption of proper service, and a defendant's bare or conclusory denial of receipt does not rebut that presumption or require an evidentiary hearing unless the defendant swears to specific facts contradicting the process server's account.  *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57–58 (2d Cir. 2002); *Vega v. Trinity Realty Corp.*, No. 14-cv-7417 (RJS) (S.D.N.Y. Feb. 24, 2021); *Windward Bora LLC v. Baez*, No. 19-CV-1755 (RJD) (E.D.N.Y. Feb. 24, 2021); *BAC Home Loans Servicing, LP v. Carrasco*, 160 A.D.3d 688, 71 N.Y.S.3d 366 (2d Dep't 2018).

**B.     Defendants' Reliance on CPLR § 317 Is Misplaced**

Defendants incorrectly argue that the R&R was required to analyze CPLR § 317.  However, motions seeking relief from or vacatur of a federal judgment are governed by the Federal Rules of Civil Procedure, principally Rule 60(b), not by state procedural vacatur statutes or state analogues. *See Hanna v. Plumer*, 380 U.S. 460, 471–74 (1965); *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398–99 (2010); *Nemaizer v. Baker*, 793 F.2d 58, 61–63 (2d Cir. 1986); *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 138–39 (2d Cir. 2011)

Even where CPLR 317 is considered, relief is unavailable absent a showing that the movant did not receive actual notice of the summons in time to defend and has a meritorious or potentially meritorious defense.  *Eugene Di Lorenzo, Inc. v. A.C. Dutton Lbr. Co.*, 67 N.Y.2d 138, 141–42, 501 N.Y.S.2d 8, 492 N.E.2d 116 (1986); *Capital Source v. AKO Med., P.C.*, 110 A.D.3d 1026, 1027, 973 N.Y.S.2d 794 (2d Dep't 2013); *Udell v. Alcamo Supply & Contr. Corp.*, 275 A.D.2d

453, 453, 713 N.Y.S.2d 77 (2d Dep't 2000); *Goldfarb v. Zhukov*, 145 A.D.3d 757, 758, 43 N.Y.S.3d 135 (2d Dep't 2016).

As established in the R&R, Defendants had actual notice of this action and failed to present any meritorious defense. Accordingly, analysis under CPLR § 317 would not alter the outcome.

## POINT II

## THE R&R CORRECTLY FOUND DEFENDANTS' DEFAULT WAS WILLFUL

The R&R's finding of willfulness is well-supported by the record and entitled to deference.

In determining whether to vacate a default or default judgment, courts in this Circuit consider "(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 186–87 (2d Cir. 2015); *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

A default is deemed willful where the conduct is "more than merely negligent or careless." *McNulty*, 137 at 738 ("willfulness," in the default context, refers to conduct "more than merely negligent or careless" and may be found where the conduct is "egregious and ... not satisfactorily explained"); *Bricklayers*, 779 F.3d at 186 (same); *Gucci Am., Inc. v. Gold Ctr. Jewelry*, 158 F.3d 631, 635 (2d Cir. 1998) (bad faith not required; deliberate default is sufficient). In the Second Circuit, willfulness in the default-judgment context does not require a showing of bad faith; it is enough that the defendant, after receiving notice of the action, made a deliberate decision not to respond. *See Gucci*, 158 F.3d a t635; *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013).

Contrary to Defendants' characterization, the evidence shows not merely awareness of a "dispute," but awareness of litigation in September 2023, when Biscardi contacted Plaintiff's counsel directly, discussed the claims, and stated she would speak with an attorney (i.e. Mr. Forcina) about the matter. Defendants never explained how they obtained Plaintiff's counsel's contact information if not from the Summons and Complaint, nor why they would talk to Mr. Forcina about litigation if not about this case itself.

Here, Defendants were aware of the litigation no later than September 2023, when Biscardi directly contacted Plaintiff's counsel and discussed the claims. Communications between Defendants' counsel and Plaintiff's counsel regarding potential appearance and settlement further confirm notice. Courts routinely find willfulness where defendants had such knowledge yet failed to appear. *See S.E.C. v. McNulty,* 137 F.3d 732, 738–39 (2d Cir. 1998).

Additionally, the undisputed record demonstrates that attorney Mr. Forcina communicated with Plaintiff's counsel about the default judgment motion and represented that he would speak with Defendants and potentially appear in the action. Defendants never deny that such communications occurred or that counsel relayed the existence of the lawsuit to them. Despite this knowledge, Defendants took no action for years before they realized the Judgment was being enforced against them.

## POINT III

### THE R&R CORRECTLY FOUND DEFENDANTS FAILED TO PRESENT A MERITORIOUS DEFENSE

Defendants' objections improperly attempt to lower the standard for a meritorious defense below what Rule 60(b) requires.

To establish a meritorious defense under Rule 60(b), a defendant must present evidence of facts that, if proven at trial, would constitute a complete defense. *McNulty*, 137 F.3d at 740; *Enron*, 10 F.3d at 98. Conclusory denials or self-serving assertions are insufficient. *Id.*

Defendants' sole alleged defense is that Plaintiff was an independent contractor. However, employment status under the FLSA and NYLL is governed by the "economic realities" test, which considers factors such as control, opportunity for profit or loss, permanence of the relationship, and integration into the employer's business. *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1058-59 (2d Cir. 1988); *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013).

While the burden is not heavy, as noted by Judge Kuo, a defendant must do more than offer conclusory assertions, which was all that was contained in Biscardi's Declaration. The R&R correctly applied this standard. Defendants' sole purported defense – that Plaintiff was an independent contractor – was supported only by a self-serving declaration containing generalized statements and no documentary evidence. Defendants failed to address the factors governing employee status under controlling Second Circuit precedent and offered no explanation for Plaintiff's multi-year, ongoing relationship with Defendants. As noted by Judge Kuo, Defendants did "not submit any evidence to support Ms. Biscardi's assertions, such as a copy of an IRS Form 1099 for Plaintiff, any records of times that Plaintiff worked, or description of the work Plaintiff did and under what circumstances," including the that they "also do not dispute that he worked for a time period spanning more than four years." *R&R, p. 13*.

As the R&R properly concluded, Defendants did not meet even the low threshold required to show that their defense, if proven, would constitute a complete defense to FLSA and NYLL liability. *Sony Corp. v. Elm State Elecs., Inc.*, 800 F.2d 317, 320-21 (2d Cir. 1986).

## POINT IV

## THE R&R CORRECTLY FOUND VACATUR WOULD PREJUDICE PLAINTIFF

Prejudice exists where vacatur would cause loss of evidence, increased difficulties in discovery, or provide defendants with a tactical advantage due to delay. *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983); *Guthrie v. Rainbow Fencing Inc.*, 349 F.R.D. 55, 71 (E.D.N.Y. 2025); *Ganzanares v. Your Favorite Auto Repair & Diagnostic Ctr., Inc.*, No. 17-CV-5001 (MKB)(RML), 2020 WL 7249249, at *6 (E.D.N.Y. July 2, 2020), R&R adopted, 2020 WL 6390162 (E.D.N.Y. Nov. 2, 2020).

Courts further recognize that substantial delay and the expenditure of significant resources to enforce a judgment constitute cognizable prejudice. *Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 244 (2d Cir. 1994) (finding prejudice where vacatur would require plaintiff to relitigate issues and expend additional resources after defendants' willful default and delay).

This is particularly true in wage-and-hour cases, where delays undermine the availability and reliability of employment records and witness recollection. *See, e.g., Lazic v. Dorian Owners, Inc.,* 2011 WL 319879, at *2 (E.D.N.Y. Jan. 29, 2011); *Guthrie*, 349 F.R.D. at 71.

Defendants' prolonged inaction – despite notice – forced Plaintiff to expend substantial time and resources to secure and enforce the Judgment. Under Second Circuit precedent, the R&R's finding of prejudice was plainly correct.

## CONCLUSION

Defendants' motion does not identify any factual or legal error in the R&R. Judge Kuo carefully analyzed each relevant issue under the correct legal standards and reached conclusions firmly supported by the record and controlling law.

9

For the foregoing reasons, Plaintiff respectfully requests that the Court reject Defendants' motion in its entirety, adopt the R&R in full, and leave the Judgment undisturbed.

Dated:    May 1, 2025
          Syosset, New York


                                        **LAW OFFICES OF YALE POLLACK, P.C.**


                                        By: _____
                                                Yale Pollack, Esq.
                                        *Attorney for Plaintiff*
                                        66 Split Rock Rd
                                        Syosset, New York 11791
                                        (516) 634-6340