UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ANIBAL GUTAMA,

**Case No.: 1:23-cv-2802 (ENV) (PK)**

Plaintiff,

-against-

WHITESTONE AIR INC., KONSTANTINA
BISCARDI a/k/a KONSTANTINA TEGERIDES, and
MICHAEL TEGRERIDES,

Defendants.

-----------------------------------------------------------------X

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
THEIR OBJECTIONS TO THE HON. PEGGY KUO, U.S.M.J.'S APRIL 3, 2026 ORDER
DENYING THE DEFENDANTS' MOTION TO VACATE THE DEFAULT JUDGMENT**

**SAGE LEGAL LLC**
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendants*
*Whitestone Air Inc.,*
*Konstantina Biscardi, and*
*Michael Tegerides*

**PRELIMINARY STATEMENT**

The default judgment must be vacated in accordance with Rule 60 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") and New York Civil Practice Law & Rules ("CPLR") § 317 as to individual Defendants Konstantina Biscardi a/k/a Konstantina Tegerides ("Biscardi"), and Michael Tegrerides ("Tegerides") (Biscardi and Tegerides collectively hereinafter the "Individual Defendants") because, regardless of whether they had notice of this lawsuit, it was too late to timely defend this case.

Plaintiff's petty projections concerning purported perjury serve no purpose in this analysis, and their opposition papers fail to appreciate the contours of CPLR § 317. Their argument that Defendants do not meaningfully challenge the Hon. Peggy Kuo, U.S.M.J.'s ("Judge Kuo") Report and Recommendation ("R&R") ignores the fact that Judge Kuo – it is respectfully submitted – overlooked that Defendants did not *personally* receive notice of the summons *in time to defend*.

Plaintiff first argues that service was proper. But CPLR § 317 does not deal with the propriety of service; the crux of the statute centers on *when* a defendant *personally* received notice of the lawsuit. Here, it is undisputed that Plaintiff's attempts at service – proper or not – were not made *personally* upon the Defendants. And the evidence Plaintiff relies on shows that Defendants first personally received notice in early September 2023, long after their deadline to respond in May 2023 had passed. As such, CPLR § 317 permits such a defendant who was not personally served to vacate the default judgment against him and/or her because the only evidence of the Individual Defendants' actual notice of the lawsuit was in September 2023, which was not in time for them to defend this case where a response was due in May 2023, four (4) months prior.

Plaintiff's second argument asks this Court to ignore CPLR § 317 despite Rule 4's express incorporation of state law concerning the service of process is misplaced.

Plaintiff's third argument concerning willfulness similarly misses the forest for the trees because, under CPLR § 317, excuse is not an element.

Plaintiff's fourth argument concerning the existence of a meritorious defense presents too high a hurdle on the requirements of Rule 60. Defendants easily meet the standard required to establish a meritorious defense.

Plaintiff's final argument concerning prejudice is not properly analyzed under CPLR § 317.

## ARGUMENT

### A.    The R&R Must be Set Aside because the Elements of CPLR § 317 are Met

#### i.    Whether Service of Process was Properly Effectuated is Irrelevant

CPLR § 317 does not require a showing that service was improper; it operates where substituted service was effectuated such that a defendant did not *personally* receive notice of the summons. Cf. Parts Auth., Inc. v. Grand Performance, Inc., 953 N.Y.S.2d 552 (App. Term. 2d Dept. 2012) ("We note that CPLR 317 is inapplicable with respect to the corporate defendant, since the summons and complaint were personally delivered to the corporate defendant's managing agent"). Indeed, the very text of the statute presupposes that substituted service or service other than by personal delivery may have been proper. See Wolosyn v. CDS MSL Hard Rd. 2 Hous. Dev. Fund Co., Inc., 244 N.Y.S.3d 920 (N.Y. Just. Ct. 2025) ("[CPLR § 317] requires the defaulting party, *that was not served personally directly or through its agent*, to show that "*he did not personally receive notice of the summons in time to defend* and has a meritorious defense") (emphasis added) (quoting CPLR § 317) ("A person *served with a summons other than by personal delivery to him or to his agent for service*[emphasis added] designated under rule 318, within or without the state, who does not appear may be allowed to defend the action within one year after he obtains knowledge of entry of the judgment, but in no event more than five years after such

2

entry, upon a finding of the court that he did not personally receive notice of the summons in time to defend *and has a meritorious defense* [emphasis added]. …")

Accordingly, Plaintiff's first argument – that service was proper – ignores that Defendants were not personally served, such that CPLR § 317 applies notwithstanding a finding that service was proper.

    ii.    CPLR § 317 is Properly Analyzed & Considered on Rule 60 Motions

Plaintiff argues that federal courts may not consider CPLR § 317.  However, Rule 4 provides that state law controls in matter concerning service, as do the Advisory Committee Notes. See Fed. R. Civ. P. 4(e)(1), (g), (n)(2); see also Advisory Committee Note, 1993 Amendment, Subdivision (f) ("Reflecting the pattern of Rule 4 in incorporating state law *limitations* on the exercise of jurisdiction over persons, …") (emphasis added).

Plaintiff's authorities in support of a contention to the contrary are unavailing.

Hanna v. Plumer was not followed as *dicta* in Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co., 559 U.S. 393, 416 (2010).  In Hanna, the Supreme Court dealt with a diversity jurisdiction case in which it held that Rule 4(d)(1) controlled in conflict with a state law.  See 380 U.S. 460, 473 (1965).  It is therefore wholly inapposite to this case, where a waiver of service is not at issue.

Shady Grove fares no better.  That case dealt with Rule 23 class actions, and merely confirms black letter law concerning the Erie doctrine.

Nor does Nemaizer v. Baker stand for the proposition cited by Plaintiff.  There, the plaintiff in that case filed suit in state court when the law was changed to render that suit untenable, and the question there was whether a federal suit may follow in light of a stipulation terminating the prior state court action.  See 793 F.2d 58, 65 (2d Cir. 1986).

3

It has nothing to do with CPLR § 317 and whether courts consider state law in deciding motions to vacate judgments based on state law.

Finally, Mickalis Pawn Shop, LLC is also inapposite, as in that case, the defendants appeared, litigated, and then intentionally withdraw from the proceedings. See 645 F.3d 114, 139 (2d Cir. 2011). CPLR § 317 would therefore not apply in that case.

Plaintiff's authorities cited for the proposition that a court may not consider CPLR § 317 do not support his contention at all. Plaintiff also ignores the fact that federal courts do and have considered arguments under CPLR § 317, as cited in Defendants' moving papers. See, e.g., Nouveau Elevator Industries, Inc. v. Contl. Cas. Ins. Co., No. 05-CV-0813(JFB)(RLM), 2006 WL 1720429, at *5 (E.D.N.Y. June 21, 2006).

Accordingly, this argument is meritless.

iii.    Plaintiff Ignores that CPLR § 317 Need not Address Willfulness

Burying his head in the sand, Plaintiff reiterates that willfulness has been met here because there is no explanation of how their prior counsel was able to contact Plaintiff's counsel if they were unaware of the suit. However, Plaintiff ignores the fact that this first contact occurred in or about September 2023, as expressly conceded by the Plaintiff in his opposition papers.

Thus, the question under CPLR § 317 is not about knowledge, but *when* there was knowledge. In this case, September 2023 falls well outside the timeframe within which Defendants could timely defend, as their deadline to respond was in May 2023. As a result, the fact of Defendants' knowledge is meaningless in light of the additional necessary and undisputed context as to when Defendants first had knowledge.

More importantly, willfulness is not an element properly considered under CPLR § 317.

4

Plaintiff failed to address this argument in opposition, and has thus abandoned and conceded it.  See Dunkin' Donuts Franchised Restaurants LLC v. Tim & Tab Donuts, Inc., No. 07-CV-3662, (KAM) (MDG), 2009 WL 2997382, at *9 (E.D.N.Y. Sept. 15, 2009) ("Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way"); see also Bombard v. Central Hudson Gas & Elec., 614 N.Y.S.3d 577, 580 (3d Dept. 1994) (holding under New York state law, the failure to provide argument on a point at issue constitutes abandonment of the issue).

It is worthy to note that courts apply this maxim outside of motions for summary judgment. See, e.g., Randall v. Dish Network, LLC, No. 2:17-CIV.-5428 (ADS) (GRB), 2018 WL 3235543, at *5 (E.D.N.Y. July 2, 2018) (Spatt, J.) ("In light of the Plaintiff's failure to address these claims in his opposition papers to this motion [to dismiss pursuant to Rule 12(b)(6)], the above-mentioned claims are deemed abandoned") (collecting cases).

Accordingly, because willfulness does not enter the fray in the analysis under CPLR § 317, Plaintiff's arguments do not provide any basis to deny Defendants' motion.

iv.   Defendants have a Meritorious Defense

Plaintiff argues that Defendants failed to provide any evidence supporting their contention that he was an independent contractor.  This ignores the contents of Defendants' declaration, which – contrary to Plaintiff's arguments – is not merely conclusory.  The declaration expressly provides sworn testimony that Plaintiff "had his own van and tools," and "was not always available for jobs," among other non-conclusory statements.  See ECF Docket Entry 27.  Since no one factor is dispositive under Brock v. Superior Care, Inc., 840 F.2d 1054, 1058-59 (2d Cir. 1988) and Irizarry v. Catsimatidis, 722 F.3d 99, 104 (2d Cir. 2013), these factual sworn statements – which are the epitome of evidence – are sufficient to meet the low bar to establish a meritorious defense.

5

It is respectfully submitted that Judge Kuo's reasoning that no evidence other than Biscardi's sworn testimony was provided ignores the low standard at this stage required to demonstrate a meritorious defense. See Marte v. 102-06 43 Ave., LLC, 24 N.Y.S.3d 236, 237 (1st Dept. 2016) (citations omitted). The Defendants have capably demonstrated same at this juncture.

     v.     Like Willfulness, Prejudice is not Considered under CPLR § 317

Ignoring Defendants' arguments concerning the standard under CPLR § 317, Plaintiff buries his head in the sand to maintain that he is prejudiced. As such, Plaintiff has similarly conceded this point. See Randall, 2018 WL 3235543, at *5. Accordingly, this factor should not be considered.

## CONCLUSION

Based upon the foregoing, Defendants respectfully request that the Court: (i) set aside Judge Kuo's R&R, and (ii) for such other and further relief as this honorable Court deems just and proper.

Dated: Jamaica, New York
     May 15, 2026                  Respectfully submitted,

                                     **SAGE LEGAL LLC**
                                     */s/ Emanuel Kataev, Esq.*
                                     Emanuel Kataev, Esq.
                                     18211 Jamaica Avenue
                                     Jamaica, NY 11423-2327
                                     (718) 412-2421 (office)
                                     (917) 807-7819 (cellular)
                                     (718) 489-4155 (facsimile)
                                     emanuel@sagelegal.nyc

                                     *Attorneys for Defendants*
                                     *Whitestone Air Inc.,*
                                     *Konstantina Biscardi, and*
                                     *Michael Tegerides*

**VIA ECF**
All counsel of record

6