UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANIBAL GUTAMA,<br><br>Plaintiff,<br><br>-against-<br><br>WHITESTONE AIR INC., KONSTANTINA BISCARDI a/k/a KONSTANTINA TEGERIDES, and MICHAEL TEGERIDES,<br><br>Defendants. | MEMORANDUM & ORDER<br><br>23-CV-2802 (ENV) (PK) |

VITALIANO, D.J.

Defendants Konstantina Biscardi a/k/a Konstantina Tegerides and Michael Tegerides (the "Individual Defendants") have moved to vacate a default judgment entered against them (but do not seek to alter the default judgment entered against co-defendant Whitestone Air, Inc. ("Whitestone")). *See* Dkt. Nos. 23, 25; *see also* Obj. at 7 n.2 (abandoning request to vacate default judgment against Whitestone). Before the Court is a Report and Recommendation issued by Magistrate Judge Peggy Kuo, recommending the denial of vacatur (the "R. & R.").[1] *See* R. & R., Dkt. No. 47. For the reasons that follow, the Court overrules the objections and adopts the R. & R. in its entirety as the opinion of the Court. The Individual Defendants' motion to vacate the default judgment entered against them is denied.

---

[1]The Court often refers to the Individual Defendants as "defendants." Citations to pages of the parties' briefing generally refer to the Electronic Case Filing System ("ECF") pagination.

<u>Background</u>

On April 14, 2023, plaintiff Anibal Gutama commenced the instant action, asserting violations of the Fair Labor Standards Act and New York Labor Law[2] against his former employer, Whitestone, an HVAC system installation and repair business, and its owners, the Individual Defendants, for whom he worked from approximately May 2018 through November 2022. *See* Compl., Dkt. No. 1. Plaintiff filed Affidavits of Service stating that defendants were served on April 22, 2023 by a process server who, after three attempts to effectuate personal service, affixed and taped copies of the summons and complaint to defendants' door and mailed the pleadings to their last-known residence.[3] *See* Dkt. Nos. 6, 7. Defendants did not answer the complaint or otherwise appear; a certificate of default was entered against all defendants on June 12, 2023. *See* Dkt. No. 10.

After a few fits and starts, plaintiff moved for a default judgment; defendants, again, did not respond. *See* Dkt. Nos. 15-16. The Court adopted an unobjected-to R. & R., recommending

[2] Plaintiff brings claims for failure to pay minimum wages and overtime wages under 29 U.S.C. §§ 201 *et seq*., and failure to pay gap time/minimum wages, overtime wages, and spread of hours as well as wage notice and wage statement violations under N.Y. Lab. Law §§ 650 *et seq*. *See* Dkt. No. 1. In addition to his eight causes of action, plaintiff advises that, pursuant to New York Business Corporation Law ("B.C.L.") § 630, he intends to "hold … Whitestone's top ten shareholders and/or members liable for the unpaid wages" and "demands that Whitestone permit an examination of its record of shareholders under B.C.L. § 624 so that liability may be imposed on its top ten shareholders for the unpaid wages." *Id.* at 10.

[3] Defendants are married and share a residence. Dkt. Nos. 6-7, 27.

that the motion be granted in part and denied in part. *See* Dkt. No. 21; Nov. 20, 2024 Order. A default judgment was entered against all three defendants on November 22, 2024. Dkt. No. 23.

Defendants moved to vacate that judgment under Fed. R. Civ. P. 60(b) on March 17, 2025. *See* Dkt. Nos. 25, 26, 40, 43. The Court referred that motion for an R. & R., which Judge Kuo issued on April 3, 2026, recommending denial of vacatur. *See* R. & R. Defendants interposed objections, which plaintiff opposed; defendants replied. *See* Obj.; Opp. to Obj., Dkt. No. 50; Reply to Obj., Dkt. No. 52.

## Legal Standards

A motion to vacate a default judgment may be brought under Fed. R. Civ. P. 60(b), which provides that "the court may relieve a party or its legal representative from a final judgment" for reasons including, "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ... misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied ... or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). It must be filed no later than one year after the entry of judgment or order. *See Trs. of Local 531 Pension Fund v. Am. Indus. Gases, Inc.*, 708 F. Supp. 2d 272, 274 (E.D.N.Y. 2010). The Second Circuit has also set forth a three-factor test to guide decisions on such motions outside the Rule 60(b)(4) context: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the party for whom default was awarded; and (3) whether

the moving party has presented a meritorious defense." *Singh v. Meadow Hill Mobile Inc.*, No. 20-cv-3853, 2023 WL 3996867, at *2 (S.D.N.Y. June 14, 2023) (cleaned up).

During the pendency of this motion, the Second Circuit clarified the requirements for a proper objection to an R. & R. in addition to the fourteen-day service timeline set by Fed. R. Civ. P. 72(a). *See Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359-61 (2d Cir. 2025). "A litigant who has fully and forcefully argued her point in front of the magistrate judge and lost *must* be able to make that argument again to the district judge," the Second Circuit explained, "Otherwise, what value would there be in objecting?" *Id.* at 360-61. At the same time, however, an objection "may not simply rest on the briefs" that the magistrate judge considered; it must "lodge a specific objection to some specific aspect of the [R. & R.]." *Id.* at 361. On the other side of the ledger, new "case law and/or evidentiary material, which could have [been], but were not, presented to the magistrate judge in the first instance" are generally not permitted on objection. *Gov't Emps. Ins. Co. v. Galperin*, No. 23-cv-9241, 2025 WL 909190 (E.D.N.Y. Mar. 26, 2025).

If an objection is proper, the district court reviews the corresponding R. & R. section(s) *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). In the absence of any objection or in the presence of an improper objection, the district court reviews the associated R. & R. section(s) for clear error. *See Nambiar*, 158 F.4th at 359, 361; *see also GS Holistic, LLC v. New Paradise Inc.*, No. 25-cv-2609, 2025 WL 3654530, at *1 (E.D.N.Y. Dec. 16, 2025). Clear error exists "where, upon a review of the entire record, [the district judge] is left with the definite

and firm conviction that a mistake has been committed." *Saveria JFK, Inc. v. Flughafen Wien, AG*, No. 15-cv-6195, 2017 WL 1194656, at *2 (E.D.N.Y. Mar. 30, 2017). Upon its review, a district court "may accept, reject, or modify, in whole or in part" the R. & R.'s "findings or recommendations." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C).

## Discussion

Defendants have filed four timely written objections all linked in one way or another to their core objection that the R. & R. did not provide sufficient reasoning to satisfy state rule of procedure 317, *see* New York Civil Practice Law & Rules ("C.P.L.R.") § 317. *See, e.g.*, Obj. at 2. Setting aside defendants' C.P.L.R. § 317 arguments, recent case law suggests that legal arguments set forth in an R. & R. are subject to valid objections where the R. & R. provides no reasoning supporting the conclusion to exclude a line of analysis. *See, e.g.*, *Cambridge Pavers, Inc. v. Armorproof Paving & Masonry Li, Inc.*, No. 24-cv-7784, 2026 WL 482658, at *6 (E.D.N.Y. Feb. 20, 2026) (*de novo* review when plaintiff objected that the magistrate judge "fail[ed] to duly consider" portions of "inherent distinctiveness" analysis).

The misapprehension regarding which law governs the outcome of defendants' objections advanced here does not alter the result. This is hardly surprising, since the state standard that defendants relied upon (even if it had applied) is cut from the same cloth as the controlling federal standard. *See* Obj. at 6. Federal Rule of Civil Procedure 60(b) and Second Circuit precedent govern motions seeking vacatur of a default judgment entered in federal court. *See, e.g.*, *Hanna*

*v. Plumer*, 380 U.S. 460, 471-74, 85 S. Ct. 1136, 1144-45, 14 L. Ed. 2d 8 (1965); *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398-99, 130 S. Ct. 1431 1437-38, 176 L. Ed. 2d 311 (2010); *Milgram v. Orthopedic Assocs. Defined Contribution Pension Plan*, 666 F.3d 68, 78 (2d Cir. 2011). Accordingly, upon *de novo* review, this first objection is overruled.

In their second objection, defendants challenge Judge Kuo's finding that they were properly served in April 2023. *See* Obj. at 7-9. The objection is rooted in their claim that by the time they received process, it was already too late to respond. Obj. at 6-8. *De novo* review of the record revealed that plaintiff's process server effectuated proper "nail and mail" service in compliance with C.P.L.R. § 308(4). *See, e.g.*, *G & G Closed Circuit Events, LLC v. Clayton*, 779 F. Supp. 3d 317, 330 (E.D.N.Y. 2025). The process server satisfied the C.P.L.R. § 308(4) "due diligence" requirement by attempting to serve defendants on three different dates, at three different times, including before business hours. *See* Dkt. Nos. 6-7. The Declaration submitted by Biscardi (the "Biscardi Declaration") neither refutes the facts in the Affidavits of Service nor presents any viable factual dispute about the propriety of that service. *See* Dkt. No. 27. While the Court wishes Biscardi good health, her statement that her cancer treatment kept both her and her husband from home, where she manages the mail, is immaterial, given the other significant activities the record reveals that defendants carried out during the course of the litigation initially. *See id.* ¶¶ 4-8.

Defendants embellished their argument on this point in their attempt to stretch out the time that they claim elapsed before they received notice of the lawsuit. Specifically, Biscardi's claim

that she did not learn about the lawsuit until late February 2025 crumbles under evidence in the record. *See id.* ¶ 9. Defendants do not dispute that in early September 2023—approximately one year and five months before their bank account was frozen in late February 2025—Biscardi called plaintiff's counsel Yale Pollack to discuss this same case, stating that "she paid [p]laintiff every single dollar to which he was entitled," and that she would be consulting with her attorney, Elio Forcina. *See id.*; Dkt. No. 38 ¶¶ 14-15. *See also* Opp. to Obj. at 7. That interaction as well as follow-up correspondence with Forcina prompted Pollack to file two letters seeking extensions of time to move for a default judgment. *See* Dkt. Nos. 13-14. Despite this dialogue, no answer was docketed, and only then did plaintiff move forward with his request for a default judgment. *See* Dkt. No. 15.

Clearly, if defendants missed the original May 2023 response deadline, conversations with plaintiff's counsel, *see infra*, had proven that he is flexible on timelines. *See* Dkt. Nos. 13-14. And as courts have recognized, C.P.L.R. § 317 is not a shield for defendants who had notice of the case and chose not to take steps in the litigation. *See, e.g.*, *Guayara v. First Rockaway Coast Corp.*, 35 A.D. 3d 659, 660 (2d Dep't 2006). So, once again, even if C.P.L.R. 317 were cognizable, it would not afford defendants the relief they seek. For these reasons, this objection does not survive *de novo* review and is overruled.

Turning to the third objection, defendants object to Judge Kuo's conclusion that they failed to establish a meritorious defense—an element considered under both the federal framework

for vacating default judgments and C.P.L.R. § 317. *See* Obj. at 8-9; *see also In re Orion HealthCorp, Inc.*, 95 F.4th 98, 104 (2d Cir. 2024). Defendants lean on the Biscardi Declaration, which, they claim, asserts an anticipated independent contractor defense. *See* Obj. at 8-9. Still, assuming *arguendo*, the truth of its facts, the Biscardi Declaration does not meet the "low [bar] of adequacy to support the independent-contractor defense." *Guthrie v. Rainbow Fencing Inc.*, 349 F.R.D. 55, 70 (E.D.N.Y. 2025) (cleaned up). The Biscardi Declaration, as with the declaration in *Guthrie*, 349 F.R.D. at 70, offers only "conclusory" statements, including that plaintiff maintained his own van and tools, "was not always available for jobs," and was tapped when Tegerides was occupied, *see* Dkt. No. 27 ¶ 12. *See also* Reply to Obj. at 7. While the Court agrees that defendants need not address every factor under *Brock v. Superior Car, Inc.*, 840 F.2d 1054, 1058 (2d Cir. 1988), Biscardi's statements do not provide sufficient "evidence of facts that, if proven at trial, would constitute a complete defense." *Guthrie*, 349 F.R.D. at 71. Further, the *Enron Oil Corp. v. Diakuhara* opinion, which defendants marshal for the proposition that "the defense need not be ultimately persuasive," found a meritorious defense where the parties submitted substantially more documentary evidence than presented here. 10 F.3d 90, 98 (2d Cir. 1993). *See also* Obj. at 9; Opp. to Obj. at 8. But, documented or not, defendants cannot meet the mark without some plausible showing of a legitimate defense, and they have fallen well short of that mark. As a result, this objection is overruled; it offers no basis to set aside the R. & R. and grant defendants' request to vacate the default judgment against them.

Not to suggest that the result would be different under the more demanding standard of *de novo* review, the Court finds that under *Nambiar*, the fourth objection does not qualify as a valid written objection to Judge Kuo's R. & R and is, therefore, subject to clear error review. 158 F.4th at 359-61. The objection is composed of two sentences, reading, in pertinent part: (1) "Under § 317, excuse is not an element, and it is well-settled that, if the other requirements of the provisions are met, a default judgment may be vacated," and (2) "In light of the foregoing, Defendants need not address willfulness and prejudice to establish entitlement to relief under C.P.L.R. § 317." Obj. at 9. The first is neither a finding nor a conclusion in the R. & R., and the second is untethered to precedent or how it relates to the R. & R. specifically. Therefore, the Court reviews the corresponding R. & R. sections for clear error. *See GS Holistic, LLC*, 2025 WL 3654530, at *1; *see also* R. & R. at 10-12, 14-15. Consequently, finding those sections to be correct, well-reasoned, and free of any clear error, this fourth objection is overruled, and affirmance of the R. & R. in this respect is warranted and ordered.

Judged by the appropriate standard of review, all of the objections interposed by defendants are without merit, and the Court adopts the R. & R. in its entirety as the opinion of the Court. Under Second Circuit case law, defendants have not met their burden under Federal Rule of Civil Procedure 60(b) to receive relief from the default judgment entered against them. Vacatur is denied.

Conclusion

For the reasons set forth above, the Court overrules the objections and adopts the R. & R. in its entirety as the opinion of the Court. The motion to vacate the default judgment is denied.

Because "a default is not an admission of damages," *Finkel v. Romanowicz*, 577 F.3d 79, 83 n.6 (2d Cir. 2009), the parties are referred to Magistrate Judge Peggy Kuo for an inquest as to damages as appropriate and with respect to the award of any other relief, and for a Report & Recommendation as to her findings.

So Ordered.

Dated: Brooklyn, New York

August 25, 2026

*/s/ Eric N. Vitaliano*

ERIC N. VITALIANO

United States District Judge