Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 East 42nd St. Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

**VIA ECF**

September 3, 2026

Hon. Eric N. Vitaliano
United States District Judge
Eastern District Of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: 23-cv-02802-ENV-PK; Gutama v. Whitestone Air Inc. et al (EDNY)

Dear Judge Vitaliano:

This firm and the Law Offices of Yale Pollack, P.C. represent the Plaintiff in the above-referenced action. We write to respectfully request the Court reconsider its Order referring this case to Magistrate Judge Kuo for an inquest on damages. The Court already determined damages and entered a judgment of $195,909.40 against Defendants in November 2024. A copy of the Default Judgment containing damages is annexed as Exhibit A. Since then, Plaintiff has been working on collecting the judgment and has recovered approximately $71,000.00.

Plaintiff is concerned that an inquest here would amount to an erasure of the damages already in the judgment and particularly the damages Plaintiff recovered. If Plaintiff is obligated to return the portion of the judgment he has successfully recovered, it would be extraordinarily prejudicial and unfair. *See Peacock v. Thomas*, 516 U.S. 349, 359, 116 S. Ct. 862 (1996). ("The Rules cannot guarantee payment of every federal judgment. But as long as they protect a judgment creditor's ability to execute on a judgment, the district court's authority is adequately preserved."); *Fedex Techconnect, Inc. v. OTI, Inc.*, 2013 U.S. Dist. LEXIS 139591 (S.D.N.Y. Sep. 23, 2013) (Plaintiff obtained a judgment and restrained Defendant's bank account. Defendant moved to vacate and the Court denied the motion, holding that lifting the restraint would prejudice Plaintiff "by providing Defendant further opportunities to hide its assets or otherwise evade payment of its debts."). As such, Plaintiff respectfully requests the Court reconsider its Order referring this matter to an inquest.

Respectfully,

/s/ Jesse S. Barton
Jesse S. Barton